Robert R. Ahdoot (CSB 172098)
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Attorneys for Plaintiff and the putative class*
[Additional counsel appear on signature page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CURTIS SAUNDERS, individually and on behalf of classes of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:19-cv-4548<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1) Violation of 47 U.S.C. § 227<br>2) Violation of Cal. Penal Code § 632.7<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Curtis Saunders ("Plaintiff") individually and on behalf of all others similarly situated, brings this class action complaint against Defendant Sunrun, Inc. ("Sunrun" or "Defendant"), to stop Defendant's practice of sending unauthorized text message advertisements to consumers' cellular telephones and recording sales calls without obtaining proper advance consent, and to obtain redress for those harmed by Defendant's misconduct. Plaintiff alleges as follows based on personal knowledge as to himself and as to his own acts and experiences, and as to all other matters, on information and belief, including an investigation conducted by his attorneys.

## NATURE OF THE CASE

1. Defendant is a national retailer and servicer of residential solar power systems.

2. In a misguided attempt to promote solar power products and services, Defendant engaged in an unlawful form of marketing: sending unauthorized automated text message advertisements to consumers' cellphones.

3. By making these automated text message calls without consumers' consent, Defendant has violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, as well as consumers' privacy rights.

4. The TCPA and its implementing regulations, 47 C.F.R. § 64.1200 *et seq.*, specifically prohibit companies such as Defendant from sending unauthorized solicitations to consumers through automated text message calls without their consent.

5. Defendant's conduct has thus caused actual, concrete harm to Plaintiff and other consumers, not only because they were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized automated text message advertisements, but also because consumers like Plaintiff frequently have to pay their cellphone service providers for the receipt of such text messages, even though the messages were sent without authorization and in violation of federal law.

6. Furthermore, the sales calls placed by Defendant that result in the transmission of the unauthorized text messages at issue are recorded by Defendant without obtaining proper consent at the outset of the call in violation of California Penal Code § 632.7. Cal. Pen. Code § 632.7 was enacted specifically to protect consumers privacy rights from surreptitious recording of their cellular telephone conversations.

7. In order to redress these injuries, Plaintiff, on his own behalf and on behalf of the classes defined below, brings suit against Defendant under the TCPA and California Privacy Act, which protect consumers' privacy rights and the right to be free from receiving unauthorized text message calls to their cellphones.

8. On his own behalf and on behalf of the members of the putative classes defined below, Plaintiff seeks injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff, Curtis Saunders, is a natural person domiciled in Nevada.

10. Defendant Sunrun is a Delaware corporation with its principal place of business located in San Francisco, California.

## JURISDICTION & VENUE

11. This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. arise under federal law.

12. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

13. This Court has personal jurisdiction over the Defendant because Defendant does and is registered to do business in California and nationwide, Defendant maintains its headquarters in California, and certain acts giving rise to the claims alleged herein were committed in California and this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters are in this district and because a substantial part of the events concerning the conduct at issue occurred in this District, as the unauthorized text message advertisements at issue originated in this District and Defendant recorded the phone calls at issue in this District.

## INTRADISTRICT ASSIGNMENT

15. The conduct giving rise to the claim in this matter originated in the County of San Francisco. Under Local Rule 3-2(c), this civil action should be assigned to the San Francisco Division of the Northern District of California.

## COMMON ALLEGATIONS OF FACT

16. Many companies now employ a host of automated technologies in their communications with potential customers when promoting their products and services.

17. Among those technologies are recording systems that record any phone calls with customers for future reference, marketing data, and/or quality control. More recently, many companies have also turned to automated text message calls to directly communicate with customers over their cellular telephones.

18. Unauthorized text messages, much like surreptitious recording of phone conversations without consent of all parties involved, invoke fundamental privacy concerns, which state and federal laws have sought to regulate and protect.

19. Specifically, automated text message calls, and particularly unauthorized automated text message advertisements, are unlike more conventional

advertisements, because they are sent directly to the recipient's personal cellphone, creating an annoying and aggravating interruption that is distracting, wastes the recipient's time, and invades the recipient's privacy.

20. Moreover, in contrast to regular forms of advertising that are paid for solely by the advertiser, text message calls can actually cost their recipients money, because cellphone users like Plaintiff have to pay their respective wireless service providers either for each text message call they receive, incur a usage allocation deduction to their text messaging plan, or pay a fixed or variable usage fee regardless of whether or not the message was authorized.

21. Accordingly, Congress enacted the TCPA to prevent unsolicited advertising calls to consumers' cellphones. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

22. The TCPA's ban on unsolicited automated calls has been interpreted to extend to automated text messages sent to cellular telephones.

23. Similarly, California has recognized consumers' rights to privacy when engaging in telephone conversations and enacted Cal. Pen. Code § 632.7 to ensure that companies such as Defendant are not able to record conversations without properly disclosing at the outset of the call that the call is being recorded.

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

24. Defendant sells residential solar-power systems throughout the United States.

25. As part of its sales process, when Defendant receives a customer contact inquiring about its solar products, Defendant contacts the customer to follow up and attempt to sell its solar products and services by live voice call placed by its call agents.

…

26. The sales calls placed by Defendant are automatically recorded from the moment that the call connects to a customer.

27. During these recorded calls, Defendant sends automated text messages to the customer's cell phone about its products and services and asking for information to proceed with the sales process.

28. However, Defendant fails to always make sure that it has proper consent to send such automated telemarketing text messages to the potential customer.

29. For example, in October 2018, Defendant placed a call to Plaintiff's cell phone to follow up on his attempt to get a quote about Defendant's solar products and services.

30. The call placed by Defendant was automatically recorded by Defendant from the outset of the call.

31. However, during the recorded call placed by Defendant, Defendant's call agent failed to inform Plaintiff from the outset of the call that the call was being recorded and obtain his consent before proceeding with the call.

32. Furthermore, during the recorded call, Defendant's call agent asked Plaintiff whether he agreed to receive further automated calls and text messages from Sunrun.

33. Plaintiff responded by specifically informing Defendant that he did not consent to receive any text message communications from Defendant. Indeed, Defendant's call agent acknowledged Plaintiff's statement and that he should not be receiving any text message communications from Defendant.

34.     However, much to Plaintiff's surprise and dismay, shortly thereafter Plaintiff received the two automated and generic text messages shown below that solicited further information from Plaintiff to move forward with the sales process:

> Thanks for your interest in Sunrun! Next step: Please send over your electric bills. We'll use this history to estimate your solar savings.

> To share your utility usage and bill history with Sunrun, please follow the below link: https://mysunrun.com/#/share-energy-usage?opptyId=0060d00001sLk8HAAS&email=curtiss@nedco.com&zipCode=89128&providerId=1662

35.     Defendant sent the generic telemarketing text messages received by Plaintiff through the use of an automatic telephone dialing system.

36.     When a call is placed to the (855) 478-6786 phone number from which the text messages originated, a prerecorded message automatically plays informing the caller that they have reached "Sunrun."

37.     The text messages referenced above were unauthorized and sent without Plaintiff's consent in violation of the TCPA.

38.     The unauthorized text messages Plaintiff received caused actual, concrete injuries, not only because the messages were sent in violation of the TCPA, but also because they invaded Plaintiff's privacy and interfered with his unrestricted use of his cellphone.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and two classes defined as follows:

**The Text Message Class**: All persons in the United States and its Territories who, within the last four years, received one or more telemarketing text messages from Defendant on their cellular telephone after communicating to Defendant that it did not have consent to send text messages to that telephone number.

**The Recorded Call Class**: All persons in the United States and its Territories who, within one year prior to the filing of this Complaint, received a phone call from Defendant on their cellular telephone regarding the sale of its products or services and which was recorded without their consent being obtained at the outset of the call.

40. Expressly excluded from the Classes are any members of the judiciary assigned to preside over this matter; any officer, director, or employee of Defendant, and any immediate family members of such officers, directors, or employees.

41. Upon information and belief, the Classes contain hundreds, if not thousands, of members such that joinder of all members is impracticable.

42. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

43. Plaintiff's claims are typical of the claims of the other members of the Classes in that the factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same. Plaintiff and the other members of

the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

44. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Recorded Call Class, and those questions predominate over any questions that may affect individual members of the Recorded Call Class. Common questions for the Recorded Call Class include, but are not limited to, the following:

(a) Whether Defendant placed one or more calls to the cellular telephones of members of the Recorded Call Class;

(b) Whether Defendant recorded the calls it placed to the members of the Recorded Call Class;

(c) Whether Defendant obtained consent at the outset of the call when it called the members of the Recorded Call Class; and

(d) Whether Defendant should be enjoined from engaging in such conduct in the future.

45. There are also many questions of law and fact common to the claims of Plaintiff and the other members of the Text Message Class, and those questions predominate over any questions that may affect individual members of the Text Message Class. Common questions for the Text Message Class include, but are not limited to, the following:

(a) Whether Defendant sent one or more telemarketing text messages to members of the Text Message Class;

(b) Whether Defendant systematically continued to transmit automated telemarketing text messages to individuals who communicated to Defendant that they did not consent to receive such text messages from Defendant;

(c) Whether Defendant used an automatic telephone dialing system to transmit the unauthorized text messages at issue;

(d) Whether Defendant's conduct violated Plaintiff's and the Text Message

Class members' respective rights to privacy;

(e) Whether Defendant's conduct was willfully in violation of the TCPA such that the members of the Text Message Class are entitled to treble damages;

(f) Whether Defendant should be enjoined from engaging in such conduct in the future.

46. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

47. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Text Message Class)

48. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

49. Defendant sent unsolicited and unauthorized telemarketing text messages using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Text Message Class after Plaintiff and the other members of the Text Message Class communicated to Defendant that it did not have consent to send such messages.

50. These generic, non-personalized text messages calls were automatically generated using equipment that had the capacity at the time the text messages were

sent to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

51. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

52. As a result of Defendant's illegal conduct, Plaintiff and the members of the Text Message Class have had their privacy rights violated, have suffered actual and statutory damages and, under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

53. To the extent Defendant knew or should have known that it did not have Plaintiff's and the Text Message Class members' consent to be sent the telemarketing text messages at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount for statutory damages recoverable by Plaintiff and members of the Class.

## SECOND CAUSE OF ACTION

### Violation of California Penal Code § 632.7

**(On behalf of Plaintiff and the Recorded Call Class)**

54. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

55. California Penal Code § 632.7 requires that any party that "intentionally records . . . a communication transmitted between . . . a cellular radio telephone and a landline" must obtain "the consent of *all* parties to [the] communication" (emphasis added).

56. Defendant placed telephone calls from its landline telephone number to the cellular telephones of Plaintiff and the other members of the Recorded Call Class.

57. Defendant utilized recording equipment to record the calls it placed to the cellular telephones of Plaintiff and the Recorded Call Class from the outset of the calls.

58. Upon information and belief, the telephone calls placed by Defendant to Plaintiff and the other members of the Recorded Call Class were placed by Defendant's call agents located in California and/or recorded by Defendant in California.

59. Defendant failed to inform Plaintiff and the other Recorded Call Class members that the phone calls would be recorded, or otherwise seek consent to record the calls, at the outset of the calls.

60. As such, Defendant has violated § 632.7, and Plaintiff and the other members of the Recorded Call Class had their privacy rights violated and, under § 637.2 are each entitled to, *inter alia*, $5,000.00 in damages for each such violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Curtis Saunders, on behalf of himself and the Classes, prays for the following relief:

1. An order certifying the Classes as defined above;
2. An award of statutory damages;
3. An injunction requiring Defendant to cease all unauthorized text messaging activities;
4. An injunction requiring Defendant to cease all unauthorized phone call recording activities
5. An award of reasonable attorneys' fees and costs;
6. Pre-judgment interest from the date of filing this suit; and
7. Such further and other relief the Court deems reasonable and just.

# JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: August 5, 2019

Respectfully submitted,

By: */s/ Robert R. Ahdoot*
Robert R. Ahdoot (CSB 172098)
*rahdoot@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

Eugene Y. Turin
(*pro hac vice* to be filed)
*eturin@mcgpc.com*
**MCGUIRE LAW, P.C.**
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895

*Attorneys for Plaintiff Curtis Saunders and the putative class*