**MCGUIRE LAW, P.C.**
Eugene Y. Turin (*pro hac vice*)
55 W. Wacker Drive, 9th Floor
Chicago, Il 60604
Telephone:  (312) 893-70002
Facsimile:  eturin@mcgpc.com

**AHDOOT & WOLFSON, PC**
Robert R. Ahdoot
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-911
Facsimile:  (310) 474-8585
rahdoot@ahdootwoolfson.com

*Attorneys for Plaintiff Curtis Saunders*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| CURTIS SAUNDERS, individually and on behalf of classes of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:19-cv-4548-HSG<br><br>(Assigned to Hon. Haywood S. Gilliam, Jr)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SUNRUN, INC.'S MOTION TO DISMISS**<br><br>Hearing Date: February 6, 2020<br>Hearing Time: 2:00 PM<br>Courtroom 2, 4th Floor<br><br>Hon. Haywood S. Gilliam Jr. |

## I. INTRODUCTION

It is quite bold for Defendant Sunrun, Inc. ("Sunrun") to accuse Plaintiff of engaging in abusive litigation by filing a claim under the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA") when it is in fact Sunrun that hired telemarketing entities to advertise it's products and services that have come under investigation by the Federal Trade Commission for "call[ing] millions of phone numbers on the [national Do-Not-Call registry] and has repeatedly or continuously called consumers with the intent of annoying, abusing or harassing them." *See Loftus v. Sunrun Inc.*, No. 19-cv-01608, Dkt. 36, at ¶ 157 (N.D. Cal. June 26, 2019). This is especially the case given that Defendant somehow entirely ignores the fact that the automated text messages that Plaintiff alleges violated the TCPA were sent after Plaintiff *specifically told Defendant's agents to not send him any text messages*. (*See* Complaint, No. 19-cv-04548, Dkt. 1, at ¶¶ 32–34.) Indeed, as explained further below, while Defendant claims that Plaintiff's TCPA claim fails because he "consented to be contacted by Sunrun" (Motion to Dismiss ("MTD"), No. 19-cv-04548, Dkt. 31, at 6–7, 11–12), Defendant's argument fails to account for Plaintiff's allegations that he revoked any consent that he may have provided *before* he received the text messages at issue.

Nor is there any merit to Defendant's argument that Plaintiff fails to allege a violation of California's "eavesdropping" statute, Cal. Pen. Code § 632.7. Contrary to Defendant's arguments, Plaintiff plainly alleges that that call in question was made by "Defendant" and "automatically recorded by Defendant from the outset of the call." (Complaint at ¶ 30.) Further, Plaintiff also specifically alleges that he had his "privacy rights violated" such that he has sufficiently alleged an injury-in-fact. (*Id.* at ¶ 60.) As explained further below, the type of violation at issue – Defendant's failure to obtain proper consent to record a call from its outset – has been found to be sufficient to confer standing, and even support certification of a class of similarly individuals who were not properly informed that their call was being recorded.

Finally, while Plaintiff does not dispute that under Fed. R. Civ. P. 41(d) Defendant is entitled to any costs incurred due to the refiling of this action, Defendant is not entitled to *also* seek its attorney's fees. Contrary to the out-of-district authority relied on by Defendant, courts in this District have found that Rule 41(d) was purposefully drafted to provide for recovery of only "costs" *and*


that where, as here, the original action does not provide for a recovery of attorneys' fees Defendant cannot in turn seek its own fees following voluntary dismissal. Accordingly, because Defendant's arguments fail both as to the merits of Plaintiff's claims and with respect to it seeking attorney's fees which it is not entitled to, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

## II.  LEGAL STANDARD

Under Rule 8(a)(2), a complaint requires only a "short and plain" statement of the claim showing that the plaintiff is entitled to relief and notifying the defendant of the principal events and the claims it is called upon to meet. *Johnson v. Riverside Healthcare Sys., LP.*, 534 F.3d 1116, 1122 (9th Cir. 2008); *Gibson v. U.S.*, 781 F.2d 1334, 1340 (9th Cir. 1986) (finding that a plaintiff is not expected "to plead his evidence"). When reviewing a Rule 12(b)(6) motion to dismiss, the court must construe all allegations and any reasonable inferences in the light most favorable to the plaintiff. *Johnson*, 534 F.3d at 1122. Furthermore, all factual allegations made in the complaint should be accepted as true. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Where the complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679.

## III.  BACKGROUND

### A.  Factual Background.

As alleged in Plaintiff's Complaint, Defendant is a national retailer of solar power systems. (Complaint at ¶ 1.) As part of its sales process, when Defendant receives an inquiry from a consumer, it follows up by calling the consumer in an attempt to complete a sale. (*Id.* at ¶ 25.) After submitting an inquiry attempting to get a quote for solar products, in October 2018 Plaintiff received one such call from Defendant. (*Id.* at ¶ 29.) During the call, Defendant's employee who was handling the call asked Plaintiff whether he would agree to receive further automated calls or text messages

from Defendant. (Complaint at ¶ 32.) Plaintiff responded by specifically informing Defendant that he did not consent to receive any text message communications from Defendant. (*Id.* at ¶ 33.) As such, to the extent that Plaintiff provided consent for Defendant to contact him, he revoked any such consent to receive text message advertisements. Indeed, the call agent working on behalf of Defendant even acknowledged that Plaintiff would not receive any text messages from Defendant. (*Id.*) Nonetheless, shortly thereafter, Plaintiff received the two unauthorized automated text messages that form the basis of his TCPA claim asking for additional documentation so that Defendant could proceed with the sales process. (*Id.* at ¶ 34.)

Critically, the phone call that Plaintiff received was automatically recorded by Defendant from the outset of the call. (*Id.* at ¶ 30.) However, Defendant's call agent failed to inform Plaintiff at the outset of the call that it was being recorded and did not obtain his consent before proceeding with the recorded call. (*Id.* at ¶ 31.) As such, Plaintiff has alleged that the call was placed in violation of Cal. Pen. Code § 632.7 and violated his privacy. (*Id.* at ¶ 60.)

**B.      Procedural History.**

This case was originally filed in the Circuit Court of Cook County on April 2, 2019, alleging only violations of the TCPA for the unauthorized text messages Plaintiff received. *See Saunders v. Sunrun, Inc.*, No. 19-cv-03127, Dkt. 1-1 (N.D. Ill. May 9, 2019). On May 9, 2019, Defendant removed the case to the Northern District of Illinois. *Saunders*, No. 19-cv-03127, Dkt. 1. Subsequently, Defendant, with the agreement of Plaintiff's counsel, filed and was granted three extensions of time to respond to Plaintiff's Complaint. *See Saunders*, No. 19-cv-03127, Dkts. 7, 14, 20. During that time period, as Defendant itself states, Defendant's counsel had reached out to Plaintiff's counsel to discuss the matter, and, among other topics discussed, stated that Defendant was considering filing a motion to dismiss for lack of personal jurisdiction. (MTD at 4:20–22.) Plaintiff did not wish to delay resolution of the case on the merits and chose to voluntarily dismiss this matter and refile this case in Defendant's home jurisdiction. *Saunders*, No. 19-cv-03127, Dkt. 22. Upon refiling of this matter before this Court on August 5, 2019, in addition to alleging claims for violation of the TCPA, Plaintiff also alleged additional claims for violations of Cal. Pen. Code § 632.7. (Complaint at ¶¶ 54–60.)

## IV. ARGUMENT

### A. Plaintiff Revoked Consent To Receive Any Automated Text Messages From Defendant.

Defendant discusses at length the consent requirements under the TCPA and that its text message did not constitute "telemarketing" or "advertising," just to conclude that Plaintiff had provided valid consent to receive the messages at issue. (*See* MTD at 6–12.) However, Defendant's efforts in arguing for dismissal of Plaintiff's claims on these grounds are puzzling, since Plaintiff plainly admits that he did indeed submit an inquiry to Defendant, does not even allege that the text messages he received were sent without his "written" consent, and does not allege that the initial phone call he received from Defendant violated the TCPA. (*See* Complaint at ¶¶ 29, 37, 38.) Critically, and somehow entirely missing from Defendant's analysis of Plaintiff's claim under the TCPA, is that Plaintiff in fact alleges that he *withdrew* any consent to receive automated text messages when he specifically told Defendant's call agent employee that "he did not consent to receive any text message communications from Defendant." (*Id.* at ¶ 33.) Accordingly, Defendant's whole analysis regarding Plaintiff having provided Defendant consent when he submitted a customer inquiry is entirely irrelevant to the text messages that Plaintiff received *after* he specifically said that he did not wish to receive any text messages.

While Defendant spends significant efforts discussing the Federal Communication Commission's ("FCC") pronouncements on what constitutes "telemarketing" (MTD at 7–11), Defendant fails to note that the FCC stated in its 2015 Order that "the most reasonable interpretation of consent is to allow consumers to revoke consent if they decide they no longer wish to receive voice calls or texts." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC Report and Order, CG Docket No. 02-278*, 30 FCC Rcd. 7961, ¶ 56 (July 10, 2015) (hereinafter "2015 FCC Order"). The FCC went on to further explain that, "consumers may revoke consent in any manner that clearly expresses a desire not to receive further messages" and that "the TCPA requires only that the called party clearly express his or her desire not to receive further calls." *Id.* at 7996–97, at ¶¶ 63, 67.

Here, Plaintiff plainly alleges that he "clearly express[ed] his desire not to receive" any

further text messages. (Complaint at ¶ 33.) Critically, Plaintiff even alleges that Defendant's agent themselves *confirmed* his request "that he should not be receiving any text message communications from Defendant." (*Id.* at ¶ 33.) Nonetheless, after specifically stating that Defendant did not have consent to send any text message communications, Plaintiff received the two automated text messages alleged in his Complaint asking Plaintiff for additional information so that Defendant can proceed with its sales process. (*Id.* at ¶ 34.) Accordingly, there can be no question that Plaintiff has sufficiently alleged that Defendant did not have consent to send the text messages at issue. Indeed, courts across the country have found similar such allegations sufficient to state a cause of action under the TCPA. *See Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1102 (N.D. Cal. 2015) (collecting authorities and finding that "Plaintiffs . . . allegations that they revoked their consent are sufficient to permit their claims to survive [the defendant's] motion to dismiss"); *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1006 (D. Minn. 2018) (denying motion to dismiss and finding allegations that the plaintiff "answered several of the above mentioned telephone calls from [the defendant] and asked [the defendant] to stop calling" were sufficient to "state a claim for relief under the TCPA"); *Singer v. Las Vegas Athletic Clubs*, No. 17-cv-01115, 2019 WL 1338384 (D. Nev. Mar. 25, 2019) (finding "[n]o reasonable jury could construe Plaintiff's request as anything other than a clear request that [the defendant] stop calling him" where the plaintiff stated during a phone call "I've asked you guys to stop calling me. I don't have the money"). As such, Defendant's Motion to Dismiss Plaintiff's TCPA claim should be denied.

        **B.**      **Plaintiff Has Sufficiently Pled A Violation of Cal. Penal Code § 632.7.**

Defendant's arguments as to Plaintiff's second claim under the California eavesdrop act fares no better. To begin with, Defendant's argument that Plaintiff does not sufficiently allege that one of Defendant's employees recorded the call disregards the plain allegations in Plaintiff's Complaint, common sense, and Defendant's failure to dispute the very same point in the companion *Loftus et al. v. Sunrun Inc.*, No. 19-cv-01608 (N.D. Cal.) matter. Contrary to Defendant's assertions, Plaintiff alleges that, "in October 2018 <u>Defendant placed a call to Plaintiff's cell phone</u>" and that "[t]he call placed by Defendant was automatically recorded <u>by Defendant</u> from the outset of the call." (Complaint at ¶¶ 29–30) (emphasis added). Accordingly, Plaintiff's Complaint makes clear

5

that it was *Defendant* itself that conducted the unauthorized recording of the call in question. While Plaintiff does allege that "*Defendant's* call agent failed to inform Plaintiff from the outset of the call that the call was being recorded" (Complaint at ¶ 31) (emphasis added), there is no ambiguity about whether the "call agent" was Defendant's "employee" or how the call relates to Sunrun. Defendant fails to explain what further details Plaintiff should have provided that would have "tie[d] the alleged unlawful recording *to Sunrun*." (MTD at 13–14.) Defendant's sole citation for its argument on this point, *Ewing v. Senior Life Planning, LLC*, No. 19-cv-1005, 2019 WL 4573703, at *4 (S.D. Cal. Sept. 18, 2019) is hardly applicable given that in *Ewing* the plaintiff failed to even plead a separate count for violation of Cal. Penal Code § 632.7. *Ewing*, 2019 WL 4573703, at *4. Unlike Plaintiff's allegations here that at all times it was a "call agent" working on behalf of Defendant that placed the recorded call (Complaint at ¶¶ 29–31), the plaintiff in *Ewing* vaguely alleged that some individual who was not alleged to have even been related to the defendant in any specific manner had said that the call was recorded *prior* to transferring the call to another call agent who actually was working for the defendant. 2019 WL 4573703, at *4. It is little wonder that the Court in *Ewing* refused to grant default judgment in plaintiff's favor on his eavesdrop claim.[1]

      Defendant similarly ignores Plaintiff's allegations in arguing that Plaintiff's eavesdropping claims must be dismissed for failure to plead an injury-in-fact under Article III. (MTD at 14) (citing *Spokeo, Inc. v. Robins*, 136 s. Ct. 1540, 1548 (2016)). Defendant argues that Plaintiff is simply alleging a technical violation of Cal. Penal Code § 632.7 for Defendant's failure to "notif[y] of the recording sooner" and "not that recording constituted an invasion of privacy." (MTD at 14) (citing *NEI Contracting and Eng'g, Inc. v. Hanson Aggregates Pacific SW, Inc.*, No. 12-cv-01685, 2016 WL 4886933, at *5 (S.D. Cal. Sept. 15, 2016)). However, Plaintiff's Complaint *does* in fact specifically allege that "Plaintiff and the other members of the Recorded Call Class *had their privacy rights violated*" rather than simply alleging just a statutory violation under Cal. Penal Code § 632.7. (Complaint at ¶ 60) (emphasis added).

---

[1] It is worth noting that the court in *Ewing* was issuing a ruling on the plaintiff's motion for default judgment, rather than ruling on a motion to dismiss brought by the defendant. 2019 WL 4573703, at *1

Supporting Plaintiff's claim is the fact that other courts, including the Ninth Circuit, have held that *any* unauthorized recording that occurs without valid consent "at the outset of the conversation" is sufficient to allege a valid claim under Cal. Penal Code § 632.7. *Zaklit v. Nationstar Mortg. LLC*, No. 15-cv-2190, 2017 WL 3174901, at *5 (C.D. Cal. July 24, 2017) (citing *Maghen v. Quicken Loans, Inc.*, 680 Fed. Appx. 554, 556 (9th Cir. 2017) (affirming grant of summary judgment where the defendant informed the plaintiff "that the call might be recorded, 'at the outset of the conversation'")). Critically, in analyzing the exact issue before the Court here – exactly when a violation of Cal. Penal Code § 632.7 occurs – the court in *Raffin v. Medicredit, Inc.*, No. 15-cv-4912, 2017 WL 131745 (C.D. Cal. Jan. 3, 2017) analyzed the California Supreme Court's ruling in *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95 (2006) and succinctly explained that the recording party must obtain consent before *any* recording takes place:

> [The defendant] notes that *Kearney* allows for an advisory to be given "at the outset of the conversation," but that the court did not define "outset," which may be after some conversation has occurred. But *Kearney* itself suggests otherwise. The court said that § 632 prohibits "recording the conversation *without first informing* all parties to the conversation that the conversation is being recorded." 39 Cal. 4th at 118 (emphasis added). The most reasonable way to harmonize the phrases "without first informing" and "at the outset" is to conclude that the "outset" is prior to any recording of the plaintiff's communication. *See also Friddle v. Epstein*, 16 Cal. App. 4th 1649, 1661 (1993) (discussing § 632 and noting that "[p]laintiff invaded defendants' privacy and violated the privacy act at *the moment* he began making his secret recording. No subsequent action or inaction is of consequence to this conclusion." (emphasis added)). This interpretation is also consistent with the dictionary definition of "outset," which means "beginning" or "start." Merriam-Webster's Collegiate Dictionary 826 (10th ed. 1998). Therefore, at the start of a conversation, before any recording of another party's communication has taken place, that party must be informed that the conversation is being recorded.

*Raffin*, 2017 WL 131745, at *8. Accordingly, Plaintiff's allegations that he received a call from Defendant that was recorded from the outset without his consent state a valid a claim under Cal. Penal Code § 632.7. (Complaint at ¶¶ 29–31, 58–59.) Indeed, both the courts in *Zaklit* and *Raffin* found that the same allegations as here that the defendants had recorded the plaintiffs' phone conversations without informing them of the recording were sufficient to not only state a claim on the merits, but to justify granting class certification for a class of similarly aggrieved individuals. *See Zacklit*, 2017 WL 3174901, at *5, *14 (finding that a class of individuals with whom the

defendant "recorded the conversation without first informing the individual that the conversation was being recorded" stated a claim on the "merits" and met all the requirements for certification under Rule 23); *Raffin*, 2017 WL 131745, at *9 (same). The fact that Plaintiff also specifically alleges that the surreptitious recording "violated" his "privacy rights" is more than sufficient to allege an actual injury-in-fact to satisfy Article III standing.

Plaintiff's allegations are thus distinctly different than those made in the sole case cited by Defendant to support its argument. (MTD at 14 (citing *NEI Contracting*, 2016 WL 4886933). Unlike Plaintiff's allegations here that he suffered a violation of Cal. Penal Code § 632.7 *and* that his privacy was invaded, in *NEI* the plaintiff "claimed [in pre-trial discovery] that he had suffered no injury and was relying solely on the statutory damages for recovery." 2016 WL 4886933, at *5. Further, the court in *NEI* explained that the damages the plaintiff sought were actually related to the substance of the phone call itself, rather than the fact that it was recorded without his consent; "Mr. Barajas is not claiming an injury from the invasion of privacy, he is claiming an injury because he did not keep records of the concrete NEI ordered, did not ask his employees about the concrete ordered, and instead relied solely on Hanson to provide proof of the concrete ordered, which they—according to him—did not do in a timely fashion." *Id.* As such, the court reasonable found that, "[t]his is not the injury CIPA was designed to protect." *Id.* Plaintiff's allegations here, on the other hand, allege exactly the type of injury that Cal. Penal Code § 632.7 was meant to protect—invasion of his privacy when he was recorded from the outset of the call without being informed that he was recorded. As the courts in *Zaklit* and *Raffin* found, such allegations state a claim on the merits that should be permitted to proceed to class certification.

**C.    Defendant Is Not Entitled To Reimbursement of Attorney's Fees Incurred In the Prior Illinois Litigation.**

Plaintiff does not dispute that under Fed. R. Civ. P. 41(d) Defendant is entitled to reimbursement of its "costs." However, contrary to the out-of-district authority cited by Defendant, courts in the Northern District of California that have analyzed this issue have reasoned that in no way do "costs" somehow also include attorney's fees. In ruling on a nearly identical motion brought pursuant to Fed. R. Civ. P. 41(d) the court in *Caldwell v. Wells Fargo Bank, N.A.*, No. 13-cv-01344,

2014 WL 789083 (N.D. Cal. Feb. 26, 2014) explained that "costs" and "fees" are separate and distinct terms that contrary to Defendant's interpretation, Congress did not use interchangeably;

> A court looks to the plain and ordinary meaning of the words in Rule 41(d), which refers only to "costs" and not to "fees." Elsewhere, the rules refer sometimes to costs, and sometimes to fees. *See, e.g.,* Fed. R. Civ. P. 4(d)(2)(B) (expenses including attorney's fees), 1 1(c)(2) (same), 37(f) (same); Fed. R. Civ. P. 55(b)(1), 65(c), 68(b) ("costs"). Four separate rules refer to both "attorney's fees" and "costs." *See* Fed. R. Civ. P. 16(f), 23(g)(1)(B) and (h), 54(d), 58(e). For example, Rule 54(d) separates out "costs" and "attorney's fees." These references show that when Congress wanted to grant attorney's fees, it did so explicitly. It did not in Rule 41(d), and under the plain language of the rule, [the defendant in the previous action] should receive only costs and not attorney's fees.

*Caldwell*, 2014 WL 789083, at *6 (citing *Banga v. First United States, N.A.,* No. 10–cv-00975, 2010 U.S. Dist. LEXIS 142075, at *14 (N.D. Cal. December 8, 2010)). Relying on the court's reasoning in *Banga*, and noting that "Defendant cites to several out-of-district cases to support its argument that attorneys' fees are included . . . [which] are not binding precedent," the *Caldwell* court ultimately held that "under the plain language of Rule 41(d), costs do not include attorneys' fees." *Id.* at *6–*7.

More recently, the court in *LegalForce, Inc. v. LegalZoom.com, Inc.*, No. 18-cv-07274, 2019 WL 1170777 (N.D. Cal. Mar. 13, 2019) reached the same conclusion, providing another alternative explanation as to why "costs" do not include attorney's fees under Rule 41(d) when, as here, the plaintiff's claims do not permit for recovery of attorney's fees. Citing the Seventh Circuit's decision in *Esposito v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000), the court in *LegalForce* explained, "'[f]ederal courts adhere to the 'American Rule,' which recognizes that attorney's fees are not generally a recoverable cost of litigation.' [except . . .] where 'the underlying statute defines costs to include attorney's fees[.]'" *LegalForce*, 2019 WL 1170777, at *2 (citing *Esposito*, 223 F.3d at 500–01)). Having reached this conclusion, the court denied the defendant's motion for fees pursuant to Rule 41(d) because the underlying claim, brought under the Lanham Act, provided for attorney's fees only in "exceptional cases," which the court found was not the circumstance. *Id.* Here, the underlying claim was brought under the TCPA, which does not in any way provide for recovery of attorney's fees. *See* 47 U.S.C. § 227(b)(3) (providing that a plaintiff may recover "actual monetary loss" or "receive $500 in damages for each such violation"). As such, while Defendant is entitled to

1  recovery of its "costs" pursuant to Rule 41(d), the TCPA does not in any way provide for such costs
2  to extend to "attorney's fees" incurred.
3  Because Rule 41(d) specifically provides for recovery of "costs," and the TCPA does not
4  allow for recovery of attorney's fees by the Plaintiff and adheres to the "American Rule" regarding
5  each party's responsibility for any attorney's fees incurred in litigation, Defendant's request in the
6  alternative for payment of its fees and costs and a stay until such payment is provided should be
7  denied and limited to payment of its costs only.

**V.    CONCLUSION**

Accordingly, for the reasons set forth above, Plaintiff Curtis Saunders respectfully requests that this Court deny Defendant's motion to dismiss as to his claims under the TCPA and Cal. Penal Code § 632.7 and deny Defendant's motion for reimbursement of its fees pursuant to Fed. R. Civ. P. 41(d).

Dated: January 6, 2020                                    Respectfully submitted,

By: /s/ Eugene Y. Turin

Robert R. Ahdoot (CSB 172098)
*rahdoot@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

Eugene Y. Turin (*pro hac vice*)
*eturin@mcgpc.com*
**MCGUIRE LAW, P.C.**
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895

*Attorneys for Plaintiff Curtis Saunders and the putative classes*

**CERTIFICATE OF SERVICE**

I, Eugene Y. Turin, an attorney, certify that on January 6, 2020, I filed the foregoing Plaintiff's Memorandum of Law In Opposition to Defendant Sunrun, Inc.'s Motion to Dismiss via the Court's CM/ECF electronic filing system.  A copy of said document will be electronically transmitted to all counsel of records.

/s/ Eugene Y. Turin