**KELLEY DRYE & WARREN LLP**
   Tahir L. Boykins (State Bar No. 323441)
10100 Santa Monica Boulevard
23rd Floor
Los Angeles, CA 90067-4008
Telephone:   (310) 712-6100
Facsimile:    (310) 712-6199
tboykins@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
   Lauri A. Mazzuchetti (*Pro Hac Vice*)
   Glenn T. Graham (*Pro Hac Vice*)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone:   (973) 503-5900
Facsimile:    (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| CURTIS SAUNDERS, individually and on behalf of classes of similarly situated individuals,<br><br>                 Plaintiff,<br><br>   v.<br><br>SUNRUN, INC., a Delaware Corporation,<br><br>             Defendant. | Case No. 4:19-cv-4548-HSG<br><br>(Assigned to Hon. Haywood S. Gilliam, Jr.)<br><br>**DEFENDANT SUNRUN, INC'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(1), OR IN THE ALTERNATIVE FOR A STAY AND REIMBURSEMENT OF COSTS PURSUANT TO FED. R. CIV. P. 41(d)**<br><br>Hearing Date: March 19, 2020<br>Hearing Time: 2:00 p.m.<br>Courtroom 2, 4th Floor<br><br>Hon. Haywood S. Gilliam, Jr. |

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ...........................................................................................1

II.     THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT .............2

      A.      Plaintiff's TCPA Claim Should Be Dismissed Because
              The Opposition Admits that the Texts Were Neither
              Advertising Nor Telemarketing and that Plaintiff
              Consented to Be Contacted By Sunrun .....................................2

      B.      Plaintiff's Claim that Sunrun Violated California Penal
              Code § 632.7 Fails ...................................................................7

          1.      Plaintiff's CIPA Claim Should Be Dismissed Pursuant to
                the California Court of Appeals' Recent Decision in Smith
                v LoanMe ..................................................................................7

          2.      Plaintiff Lacks Standing to Maintain His CIPA Claim ............8

III.    IN THE ALTERNATIVE, PLAINTIFF SHOULD PAY COSTS
      SUNRUN INCURRED IN THE NORTHERN DISTRICT OF
      ILLINOIS ACTION .........................................................................9

IV.     CONCLUSION ...........................................................................12

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*,
     No. 07-00007DAE-KSC, 2007 WL 2320672 (D. Haw. Aug. 10,
     2007) .................................................................................................. 10, 11

*Aquilar v. Ocwen Loan Servicing, LLC*,
     289 F. Supp. 3d 1000 (D. Minn. 2018) ............................................ 6

*Caldwell v. Wells Fargo Bank, N.A.*,
     No. 13-cv-01344-LHK, 2014 WL 789083 (N.D. Cal. Feb. 26, 2014)................ 10

*Daniel v. Five Stars Loyalty, Inc.*,
     No. 15-cv-03546-WHO, 2015 WL 7454260 (N.D. Cal. Nov. 24,
     2015) .................................................................................................. 4

*Derby v. AOL, Inc.*,
     No. 5:15-cv-00452-RMW, 2015 WL 5316403 (N.D. Cal. Sept. 11,
     2015) ................................................................................................ 5, 6

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
     No. 18-cv-07274-MMC, 2019 WL 1170777 (N.D. Cal. Mar. 13,
     2019) ................................................................................................ 10

*Mackinnon v. Hof's Hut Restaurants, Inc.*,
     No. 2:17-cv-01456-JAM-DB, 2017 WL 5754308 (E.D. Cal. Nov.
     28, 2017) ............................................................................................ 3

*NEI Contracting and Eng'g, Inc. v. Hanson Aggregates Pacific SW,
     Inc.*,
     No. 12-cv-01685-BAS(JLB), 2016 WL 4886933 (S.D. Cal. Sept.
     15, 2016)............................................................................................. 9

*NEI Contracting and Eng'g, Inv. v. Hanson Aggregates Pacific SW,
     Inc.*,
     926 F.3d 528 (9th Cir. 2019) ............................................................ 9

*Nielson v. Union Bank of CA, N.A.*,
     No. CV 02-06942 MMM, 2003 WL 27374136 (C.D. Cal. Mar. 31,
     2003) ................................................................................................ 10

*Nuance Commc'ns., Inc. v. Abbyy Software House*,
  No. C 08-2912 JSW (MEJ), 2008 WL 11383775 (N.D. Cal. Sept.
  29, 2008) ............................................................................................ 10

*Phan v. Agoda Company Pte. Ltd*,
  351 F. Supp. 3d 1257 (N.D. Cal. 2018) ............................................. 3, 7

*Pietzak v. Microsoft Corp.*,
  No. CV 15-5527-R, 2015 WL 7888408 (C.D. Cal. Nov. 17, 2015) ...... 4

*Raffin v. Medicredit, Inc.*,
  No. 15-4912-GHK, 2017 WL 131745 (C.D. Cal. Jan. 3, 2017) ............ 8

*Reardon v. Uber Techs., Inc.*,
  115 F. Supp. 3d 1090 (N.D. Cal. 2015).............................................. 6

*Roberts v. Paypal, Inc.*,
  No. C 12-0622 PJH, 2013 WL 2384242 (N.D. Cal. May 30, 2013),
  aff'd 621 F. App'x 478 (9th Cir. 2015) .............................................. 4

*Ross v. Infinity Ins. Co.*,
  No. CIV.A. 12-5050, 2013 WL 2495114 (E.D. Pa. June 10, 2013) ............. 10, 11

*Ryabyshchuck v. Citibank (S. Dakota) N.A.*,
  No. 11-CV-1236-IEG (WVG), 2012 WL 5379143 (S.D. Cal. Oct.
  30, 2012) .......................................................................................... 6

*Saunders v. Sunrun, Inc.*,
  No. 1:19-cv-03127 (N.D. Ill.).................................................... 2, 9, 11

*Shanahan v. City of Chicago*,
  82 F.3d 776 (7th Cir. 1996) .............................................................. 4

*Simmonds v. Credit Suisse Secs. (USA) LLC*,
  No. C12-1937JLR, 2013 WL 501884 (W.D. Wash. Feb. 7, 2013).......... 10

*Singer v. Las Vegas Athletic Clubs*,
  376 F. Supp. 3d 1062 (D. Nev. 2019) ................................................ 6

*Smith v. LoanMe, Inc.*,
  257 Cal. Rptr. 3d 61, 2019 WL 6974386 (Cal. Ct. App. 2019) ......... 1, 2, 7, 8

*Tompkins v. 23andMe Inc.*,
  840 F.3d 1016 (9th Cir. 2016) ........................................................... 7

*Van Patten v. Vertical Fitness Grp, LLC*,
    847 F. 3d 1037 (9th Cir. 2017) ................................................................. 5

*Whole E Nature, LLC v. The Wonderful Co., LLC*,
    No. 17CV10-LAB (KSC), 2017 WL 4227150 (S.D. Cal. Sept 22,
    2017) ........................................................................................................ 9

*Wick v. Twilio, Inc.*,
    No. C16-00914RSL, 2016 WL 6460316 (W.D. Wash. Nov. 1, 2016) ................. 3

*Zaklit v. Nationstar Mortg. LLC*,
    No. 5:15-cv-2190-CAS(KKx), 2017 WL 3174901 (C.D. Cal. July
    24, 2017) .................................................................................................. 8

**Statutes**

Cal. Penal Code § 632.7 ............................................................... 1, 7, 8, 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .............................................................................. 1

Fed. R. Civ. P. 12(b)(6) .............................................................................. 1

Fed. R. Civ. P. 41(d) ........................................................................*passim*

July 2015 FCC Order ................................................................................. 5

# I. <u>INTRODUCTION</u>

Plaintiff's opposition to Defendant Sunrun Inc.'s ("Sunrun") Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), or in the Alternative for a Stay and Reimbursement of Costs Pursuant To Fed. R. Civ. P. 41(d) (Dkt. No. 31) (the "Motion") demonstrates that the claims pled in his Class Action Complaint for Damages and Injunctive Relief should be dismissed.

Nothing in Plaintiff's Opposition to Sunrun's Motion to Dismiss ("Opposition" or "Opp.") (Dkt. No. 38) rebuts the undisputed allegations that are apparent from the face of the Complaint: Plaintiff himself sought information about Sunrun's solar products and the follow-up, non-marketing text messages sent to Plaintiff were part of Sunrun's process of fulfilling a request for information. Plaintiff admits as much in his Opposition, which is fatal to his TCPA claim. While Plaintiff acknowledges these facts, he endeavors to shift the discussion to whether Plaintiff revoked his consent to receive messages and calls during his phone call with Sunrun. Plaintiff's focus on revocation of consent is a red herring, as the informational texts received by Plaintiff were undisputedly sent in response to his *affirmative request* to learn more about Sunrun's solar products – after he provided his cellular telephone number for that express purpose. Such responsive text messages are not the type of bothersome messages that the TCPA is designed to protect. Accordingly, Plaintiff's TCPA claim is not plausible and fails as a matter of law.

Count II of Plaintiff's Complaint, which pleads a violation of California Penal Code § 632.7 ("CIPA"), fares no better. The recent *Smith v. LoanMe* decision of first impression by the California Court of Appeal unambiguously determined that the purpose of CIPA is to guard against eavesdropping by outside third-parties and does not create a claim between the caller and recipient of the phone call. Because Plaintiff

CASE NO. 4:19-CV-4548

DEFENDANT SUNRUN INC.'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

alleges that Sunrun was both a party to the call and recorded it, the *LoanMe* decision mandates the dismissal of Plaintiff's CIPA claim.

Finally, if Plaintiff's claims survive the dismissal stage – which they should not – it is appropriate for this Court to stay the case pursuant to Fed. R. Civ. P. 41(d) until Plaintiff pays the costs and attorneys' fees that Sunrun incurred in defending the first lawsuit brought by Plaintiff, *Saunders v. Sunrun, Inc.*, No. 1:19-cv-03127 (N.D. Ill.) (the "Prior Action"), which was premised upon the same TCPA claim and then voluntarily abandoned.

## II. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT

### A. Plaintiff's TCPA Claim Should Be Dismissed Because The Opposition Admits that the Texts Were Neither Advertising Nor Telemarketing and that Plaintiff Consented to Be Contacted By Sunrun.

In his Class Action Complaint, Plaintiff claimed that Sunrun violated the TCPA by sending him "unauthorized text message advertisements" that constituted "telemarketing." (*E.g.,* Dkt. No. 1, ¶2 (alleging that "Defendant engaged in an unlawful form of marketing: sending unauthorized automated text message advertisements"); *id.*, ¶5 (alleging that Plaintiff suffered "actual, concrete harm. . . that necessarily accompanies unauthorized text message advertisements"); *id.*, ¶35 (alleging that Sunrun sent him "telemarketing text messages;"); *id.*, ¶49 (stating that the basis for Plaintiff's claim is that "Defendant sent unsolicited and unauthorized telemarketing text messages")). Plaintiff states that he brought the action "to stop Defendant's practice of sending unauthorized text message advertisements." (*Id.* at p. 2:3-4.) Plaintiff's putative class definition is limited to persons who "received one or more telemarketing text messages from Defendant. . . ." (*Id.*, ¶39).

Sunrun moved to dismiss Plaintiff's TCPA claim because the only text messages at issue, the content of which are featured in Paragraph 34 of the Complaint, are on their face and by Plaintiff's own concessions neither advertising nor

DEFENDANT SUNRUN INC.'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

telemarketing under the TCPA.   (Dkt. No. 31).   Rather, the two texts were transactional in nature, and sent only to facilitate Plaintiff's provision of his utility information to Sunrun in connection with the inquiry Plaintiff concedes he had already initiated.  *See, e.g., Mackinnon v. Hof's Hut Restaurants, Inc.*, No. 2:17-cv-01456-JAM-DB, 2017 WL 5754308, at *2 (E.D. Cal. Nov. 28, 2017) (dismissing TCPA claim because text message confirming dinner reservation is informative and non-telemarketing in nature); *Wick v. Twilio, Inc.*, No. C16-00914RSL, 2016 WL 6460316, at *3 (W.D. Wash. Nov. 1, 2016) ("the text and call received by plaintiff were also solely related to the consumer transaction he had initiated," and therefore did not constitute telemarketing under the TCPA).  Plaintiff does not dispute this in his Opposition.

Indeed, Plaintiff's Opposition does not in any way counter Sunrun's argument that the text messages at issue are not telemarking or advertising under the TCPA. (*See* Opp.)  Nor does Plaintiff address any of the TCPA cases cited in Sunrun's Motion, including *Phan v. Agoda Company Pte. Ltd*, 351 F. Supp. 3d 1257 (N.D. Cal. 2018).  In *Agoda Company*, the plaintiff had claimed that the defendant violated the TCPA by sending unsolicited advertising/telemarketing text messages.  The Court granted summary judgment in the defendant's favor because "the context and the content of the messages demonstrate that the purpose of the messages was not to advertise or telemarket, but instead was directly cabined to facilitating and completing an existing transaction." *Agoda Company*, 351 F. Supp. 3d at 1266.  The same rings true here, where the context of the text messages at-issue were directly cabined to facilitating and completing an existing transaction with Plaintiff—namely, to use his electricity bills so that Sunrun could provide the requested quote.  (Complaint ¶ 34). Plaintiff's TCPA claim – the sole basis of which is the alleged receipt of telemarketing/advertising text messages – must be dismissed.

1      It appears that Plaintiff has abandoned his claim that he received "unauthorized

2   text message advertisements," which is the only claim pled in his Complaint, and

3   through his Opposition improperly seeks to amend his Complaint to assert a claim

4   that he "[r]evoked [c]onsent [t]o [r]eceive [a]ny [a]utomated [t]ext [m]essages [f]rom

5   Defendant." (Opp. at 4:2-3).  Plaintiff should not be permitted to amend his Complaint

6   through his Opposition to assert a different claim than pled.  *See, e.g., Shanahan v.*

7   *City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (holding that plaintiff may not

8   amend its complaint through arguments in its brief in opposition to a motion for

9   summary judgment).

10     Even if this Court were to consider a claim based on the non-telemarketing text

11  messages at issue, Plaintiff's admissions doom his TCPA claim.  Plaintiff, in his own

12  words, "plainly admits that he did indeed submit an inquiry to Defendant, [and] does

13  not even allege that the text messages he received [from Defendant] were sent without

14  his 'written' consent[.]"  (Opp. at 4:7-9).  On this basis alone, Plaintiff's TCPA claim

15  should be dismissed.  *See, e.g., Daniel v. Five Stars Loyalty, Inc.*, No. 15-cv-03546-

16  WHO, 2015 WL 7454260, at *2-7 (N.D. Cal. Nov. 24, 2015); (granting motion to

17  dismiss TCPA claim because plaintiff consented to contact by providing his cell

18  phone number to defendant); *Pietzak v. Microsoft Corp*., No. CV 15-5527-R, 2015

19  WL 7888408, at *2 (C.D. Cal. Nov. 17, 2015) (granting motion to dismiss TCPA

20  claim where "the allegations are clear that it was Plaintiffs who initiated the receipt

21  of text messages . . . by voluntarily participating in [the defendant's] promotions.  In

22  doing so, Plaintiffs not only unequivocally expressed their interest in learning more

23  about [the defendant's] promotional offers, by they also provided their consent to

24  receive that information through text messaging"); *Roberts v. Paypal, Inc*., No. C 12-

25  0622 PJH, 2013 WL 2384242, at *5 (N.D. Cal. May 30, 2013), aff'd 621 F. App'x

26  478 (9th Cir. 2015) (TCPA claims failed where plaintiff provided requisite consent to

27

28

1  be texted by simply providing his cell phone number to defendant).

2        Plaintiff's claim that he revoked his consent, but received text messages

3  contrary to that revocation also fail.  The Ninth Circuit has held that for a revocation

4  to be valid under the TCPA, it must be reasonable.  *See, e.g., Van Patten v. Vertical*

5  *Fitness Grp, LLC*, 847 F. 3d 1037, 1047-48 (9th Cir. 2017).  Here, Plaintiff admits

6  that he provided prior express written consent to receive text messages and calls from

7  Sunrun (should such texts/calls be made by an automatic telephone dialing system),

8  and that he received a call from Sunrun in accordance with his request and consent.

9  (Opp. at 2:25-27).  Plaintiff claims that while that single call was in progress, he: (a)

10  revoked the consent he had provided to receive text messages; and (b) was sent the

11  allegedly "automated" text messages at issue.  The context and timing of the text

12  messages, as described by Plaintiff, show that they were sent in the midst of the

13  telephone conversation during which Plaintiff claims he made the revocation request.

14  Given the timing and sequence of Plaintiff's interaction with Sunrun, he does not

15  allege that he reasonably revoked his consent with respect to the two text messages at

16  issue.  Plaintiff does not allege that Sunrun sent him any other text messages after that

17  single call concluded.

18        Merely reciting the word "revocation" in the Complaint does not mean one

19  plausibly has alleged a TCPA claim, especially where the plaintiff admits he requested

20  information about the defendant's products and services.  The Court's decision in

21  *Derby v. AOL, Inc.*, No. 5:15-cv-00452-RMW, 2015 WL 5316403 (N.D. Cal. Sept.

22  11, 2015), is instructive.  In *Derby*, the Court rejected plaintiff's argument that a

23  confirmatory text sent after his opt-out request violated the TCPA because the *July*

24  *2015 FCC Order* confirms that the TCPA should "'not prohibit normal business

25  communications'" and "[a] confirmation message is not the type of harm—'the

26  nuisance, invasion of privacy, costs, and inconvenience' of autodialed calls—that the

27

28

DEFENDANT SUNRUN INC.'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

TCPA was intended to address." *Derby*, 2015 WL 5316403, at *5 (citations omitted). Similarly, in *Ryabyshchuck v. Citibank (S. Dakota) N.A.*, No. 11-CV-1236-IEG (WVG), 2012 WL 5379143, at *3 (S.D. Cal. Oct. 30, 2012), the court rejected the plaintiff's argument that a confirmatory text message sent after plaintiff's opt-out request was actionable under the TCPA, holding that "common sense renders the second text inactionable under the TCPA." *Id.* ("Such simple, confirmatory response to plaintiff-initiated contact can hardly be termed an invasion of plaintiff's privacy under the TCPA.")

None of the three cases Plaintiff relies upon stand for the proposition that one can revoke their consent in the midst of the defendant completing its response to the inquiry that person initiated. For example, in *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090 (N.D. Cal. 2015), the plaintiffs provided their contact information when beginning the initial process of signing up to become Uber drivers, but most did not complete the application process. The Court held that "[i]f the plaintiffs never completed the application process, it is not clear that they intended to 'make available' their personal information, including their phone number, to Uber." *Id.* at 1099. Here, however, Plaintiff admits that he provided his phone number to Sunrun to receive information about its solar products. *Reardon*, therefore, is inapposite. *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000 (D. Minn. 2018), is similarly inapposite. In *Aquilar*, unlike here, "the amended complaint d[id] not allege a preexisting relationship between [defendant] and [plaintiff] that would allow the Court to infer prior express consent. To the contrary, the amended complaint suggests that [plaintiff] might never have provided consent." *Aquilar*, 289 F. Supp. 3d at 1006. In *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1074 (D. Nev. 2019), in connection with the parties' summary judgment motions, the plaintiff had "adduced evidence that on three occasions . . . he requested that [defendant] cease calling him."

1   Such is not the case here, where Plaintiff admits he requested information about

2   Sunrun's products and services.

3        Here, because "the context and the content of the messages demonstrate that

4   the purpose of the messages was not to advertise or telemarket, but instead was

5   directly cabined to facilitating and completing an existing transaction" that Plaintiff

6   had initiated, his TCPA claim should be dismissed.  *Phan*, 351 F. Supp. 3d at 1266.

7   **B.    Plaintiff's Claim that Sunrun Violated California Penal Code § 632.7**
        **Fails.**

8

9        **1.    Plaintiff's CIPA Claim Should Be Dismissed Pursuant to the**
            **California Court of Appeals' Recent Decision in Smith v. LoanMe**

10       One month after Sunrun filed this Motion, on December 20, 2019, in a case of

11  first impression, the California Court of Appeal issued its decision in *Smith v.*

12  *LoanMe, Inc.*, 257 Cal. Rptr. 3d 61, 2019 WL 6974386, (Cal. Ct. App. 2019).[1]  The

13  *LoanMe* decision compels the dismissal of Plaintiff's CIPA cause of action. There,

14  the California Court of Appeal held:

15

16            We conclude that section 632.7 [of CIPA] prohibits only
              third party eavesdroppers from intentionally recording
17            telephonic communications involving at least one cellular
              or cordless telephone.  Conversely, section 632.7 does not
18            prohibit the participants in a phone call from intentionally
              recording it.
19

20  2019 WL 6974386, at *1.  Put more succinctly, the Court held that "section 632.7

21  clearly and unambiguously is limited to third party eavesdroppers:" it does not apply

22  to the parties to a call.  *Id.* at *8.  In reaching this decision, the Court concluded that

23

24  ─────────────────────

25  [1] While the *LoanMe* decision is being appealed to the California Supreme Court, there is no
    conflicting authority at the California appellate court level.  *LoanMe*, 2019 WL 6974386, at *1.  As
    such, this Court should follow *LoanMe*.  *Cf. Tompkins v. 23andMe Inc.*, 840 F.3d 1016, 1023 (9th
26  Cir. 2016) (absent a California Supreme Court decision on a state law issue, "we generally will
    'follow a published intermediate state court decision regarding California law unless we are
27  convinced that the California Supreme Court would reject it'") (citation omitted).

28

federal cases interpreting CIPA to the contrary, such as those relied upon by Plaintiff, to apply CIPA to calls between parties to a phone call "are mistaken[.]" *Id.* After conducting a thorough analysis of CIPA and its legislative history, the Court opined as follows:

> To summarize:  The plain language of section 632.7 clearly and unambiguously applies to third party eavesdroppers alone, not to the parties to the cellular and cordless phone calls.  The legislative history of section 632.7 confirms that interpretation.  We must therefore affirm the judgment in favor of LoanMe, because Smith alleges only that LoanMe recorded calls to which LoanMe was a party.

*Id.* at *10.  In response to Sunrun's argument that Plaintiff has not plausibly alleged a CIPA claim (he has not, for the reasons set forth in Sunrun's Motion), Plaintiff argued that "Plaintiff's Complaint makes clear that it was *Defendant* itself that conducted the unauthorized recording of the call in question" and "there is no ambiguity about whether the 'call agent' was Defendant's 'employee' or how the call relates to Sunrun."  (Opp. at 5-6).

By Plaintiff's own argument, Sunrun was not a third party eavesdropper, but rather, Plaintiff and Sunrun were the parties to the call alleged in the Complaint.  Accordingly, Plaintiff's CIPA claim must be dismissed.[2]

### 2.  Plaintiff Lacks Standing to Maintain His CIPA Claim

_____

[2] The pre-*LoanMe* cases relied upon by Plaintiff, *Zaklit v. Nationstar Mortg. LLC*, No. 5:15-cv-2190-CAS(KKx), 2017 WL 3174901 (C.D. Cal. July 24, 2017), and *Raffin v. Medicredit, Inc.*, No. 15-4912-GHK (PJWx), 2017 WL 131745 (C.D. Cal. Jan. 3, 2017) are no longer good law in light of the California Court of Appeal's *LoanMe* decision to the extent they permitted plaintiffs to allege the defendants violated CIPA by recording calls to which the defendants were a party.  Moreover, the *Raffin* decision is inapposite because it is a decision on plaintiff's class certification motion and the court declined to address the question ultimately decided by the *LoanMe* court of whether CIPA only prohibited third party eavesdroppers from recording a cell phone conversation.  2017 WL 131745, at *5.  The *Zaklit* decision is similarly a class certification decision and inapposite to the instant inquiry.  2017 WL 3174901, at *2.

Even if the recent *LoanMe* decision did not serve as dispositive authority on the interpretation of CIPA, which it does, Plaintiff's CIPA claim still fails because Plaintiff does not sufficiently allege a concrete injury sufficient to maintain Article III standing because Plaintiff complains only of the timing of the disclosure. *NEI Contracting and Eng'g, Inc. v. Hanson Aggregates Pacific SW, Inc.*, No. 12-cv-01685-BAS(JLB), 2016 WL 4886933, at *5 (S.D. Cal. Sept. 15, 2016) (no concrete injury where the alleged injury was "not by the recording of his telephone call . . . but by the fact that he was not notified of the recording sooner."). (*See* n.2; Motion at 14); *NEI Contracting and Eng'g, Inv. v. Hanson Aggregates Pacific SW, Inc.*, 926 F.3d 528, 530-32 (9th Cir. 2019) (de-certifying class because plaintiff lacked standing to maintain a CIPA claim).

Thus, Plaintiff's CIPA claim also fails for the additional reason that he lacks standing.

## III. IN THE ALTERNATIVE, PLAINTIFF SHOULD PAY COSTS SUNRUN INCURRED IN THE NORTHERN DISTRICT OF ILLINOIS ACTION

For the reasons set forth above and in Sunrun's opening brief, Plaintiff's Complaint should be dismissed with prejudice. To the extent any of Plaintiff's claims survive dismissal, this case should be stayed pursuant to Fed. R. Civ. P. 41(d) pending Plaintiff's payment of $18,293.60 to Sunrun representing Sunrun's costs incurred in the Prior Action for work that is not usable in this action.

Plaintiff's Opposition does not contest that Sunrun is entitled to its costs incurred in defending the Prior Action. (*See* Opposition at 8 ("Plaintiff does not dispute that under Fed. R. Civ. P. 41(d) Defendant is entitled to reimbursement of its 'costs'")). Nor has Plaintiff provided a "persuasive explanation" for his litigation choices in voluntarily dismissing the Prior Action on the eve of Sunrun filing a motion to dismiss the Prior Action and then refiling the same claim in this Court. *Whole E*

1   *Nature, LLC v. The Wonderful Co., LLC*, No. 17CV10-LAB (KSC), 2017 WL

2   4227150, at *4 (S.D. Cal. Sept 22, 2017).

3       Plaintiff's Opposition instead argues "that in no way do 'costs' somehow also

4   include attorney's fees." (Opp. at 8). But the two unpublished cases Plaintiff relies

5   upon do not support that sweeping statement, which is contrary to decisions within

6   this Circuit, District, and around the country. *See Ross v. Infinity Ins. Co.*, No. CIV.A.

7   12-5050, 2013 WL 2495114, at *5 n.4 (E.D. Pa. June 10, 2013) ("the majority of

8   Courts have found that the term 'costs' . . . includes both costs and attorneys' fees,"

9   because "Rule 41(d) would become a 'toothless' deterrent if it did not include

10  attorneys' fees in its assessment") (collecting cases). Indeed, in *Nuance Commc'ns.,*

11  *Inc. v. Abbyy Software House*, No. C 08-2912 JSW (MEJ), 2008 WL 11383775, at *7

12  (N.D. Cal. Sept. 29, 2008), *report and recommendation adopted*, 2008 WL 11383776

13  (N.D. Cal. Nov. 6, 2008), a court in this District included attorneys' fees in its Rule

14  41(d) award of costs. Moreover, numerous courts within the Ninth Circuit have

15  included attorneys' fees as part of the cost award under Rule 41(d). *See Simmonds v.*

16  *Credit Suisse Secs. (USA) LLC*, No. C12-1937JLR, 2013 WL 501884, at *2 (W.D.

17  Wash. Feb. 7, 2013); *Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*, No. 07-00007DAE-

18  KSC, 2007 WL 2320672, at *3 (D. Haw. Aug. 10, 2007); *Nielson v. Union Bank of*

19  *CA, N.A.*, No. CV 02-06942 MMM (CWx), 2003 WL 27374136, at *6 (C.D. Cal.

20  Mar. 31, 2003).

21      The two cases Plaintiff relies upon do not support his sweeping statement that

22  "in no way" do costs under Rule 41(d) include attorneys' fees. Both *LegalForce, Inc.*

23  *v. LegalZoom.com, Inc.*, No. 18-cv-07274-MMC, 2019 WL 1170777, at *2 (N.D. Cal.

24  Mar. 13, 2019), and *Caldwell v. Wells Fargo Bank, N.A.*, No. 13-cv-01344-LHK,

25  2014 WL 789083, at *6 (N.D. Cal. Feb. 26, 2014), acknowledge that the Ninth Circuit

26  has not yet addressed whether a court may award fees under Rule 41(d).

27

28
CASE NO. 4:19-CV-4548
DEFENDANT SUNRUN INC.'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

1    Here, Plaintiff engaged in exactly the conduct Rule 41(d) exists to preclude.

2  Plaintiff voluntarily dismissed the Prior Action months after the case was removed to

3  federal court and days before Sunrun's motion to dismiss was due to be filed. (Motion

4  at 4-5).  Even worse, Plaintiff's conduct necessitated the work Sunrun incurred in

5  preparing a motion to dismiss the Prior Action that was not usable.  *Id.*  Sunrun only

6  seeks to recover for work that cannot be repurposed for this action.  (Mazzuchetti

7  Decl. ¶ 10, Ex. 4).  Rule 41(d) would be a "toothless deterrent" if Sunrun is not

8  permitted to recover for that work. *Ross*, 2013 WL 2495114, at *5 n.4; *Aloha Airlines,*

9  *Inc.*, 2007 WL 2320672, at *4 ("if Rule 41(d)'s purpose is to prevent undue prejudice

10  to a defendant from unnecessary or vexatious litigation, there does not seem to be a

11  clear reason why Rule 41(d) would provide only for an award of costs exclusive of

12  attorney's fees, since the typical defendant cannot adequately defend a case without

13  incurring such fees").

14    For these reasons, Rule 41(d) permits Sunrun to recover $18,293.60, which

15  represents the total costs and attorneys' fees associated with work in the Prior Action

16  that cannot be repurposed for this action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV. <u>CONCLUSION</u>

For the foregoing reasons and as set forth in the Motion, Sunrun respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice.  In the alternative, this case should be stayed pursuant to Rule 41(d) pending Plaintiff's payment of $18,293.60 to Sunrun representing Sunrun's costs incurred in the Prior Action for work that is not usable in this action.

DATED:  February 20, 2020

KELLEY DRYE & WARREN LLP
Lauri A. Mazzuchetti (*Pro Hac Vice*)
Glenn T. Graham (*Pro Hac Vice*)
Tahir L. Boykins

By:  _/s/ Lauri A. Mazzuchetti___
        Lauri A. Mazzuchetti
Attorneys for Defendant Sunrun, Inc.