UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SAUNDERS,<br><br>           Plaintiff,<br><br>    v.<br><br>SUNRUN, INC.,<br><br>           Defendant. | Case No. 19-cv-04548-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 52 |

Before the Court is the motion filed by Defendant Sunrun, Inc. ("Sunrun") to stay the Telephone Consumer Protection Act ("TCPA") claim alleged in Plaintiff Curtis Saunders's class action complaint. Dkt. No. 52 ("Mot."). Plaintiff alleges two causes of action: violations of (1) the TCPA, 47 U.S.C. § 227 *et seq.*; and (2) the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 632.7. Dkt. No. 1 ("Compl.") at ¶¶ 3, 6. The Court previously stayed the CIPA claim pending the California Supreme Court's review of *Smith v. LoanMe, Inc.*, 43 Cal. App. 5th 844, 848 (Cal. Ct. App. 2019). Dkt. No. 45. Defendant now seeks to stay the TCPA claim pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (Mem) (*pet. granted* U.S. July 9, 2020). Plaintiff does not oppose the motion. Dkt. No. 54 ("Opp.").

According to Plaintiff, Defendant violated the TCPA by sending unauthorized text messages using an automated telephone dialing system ("ATDS"). Compl. at ¶¶ 35, 37. The TCPA prohibits placing calls[1] to cellular telephone lines using an ATDS without the recipient's consent. 47 U.S.C. §227(b)(1)(A). The TCPA defines an ATDS as "equipment which has the

---

[1] A text message constitutes a "call" for purposes of the TCPA. *See Satterfield*, 569 F.3d at 954.

1  capacity—(A) to store or produce telephone numbers to be called, using a random or sequential
2  number generator; and (B) to dial such numbers." *Id.* §227(a)(1). Notably, there is a circuit split
3  concerning the scope of the definition of an ATDS. *Compare Marks v. Crunch San Diego, LLC*,
4  904 F.3d 1041, 1043 (9th Cir. 2018), *and Allan v. Pennsylvania Higher Educ. Assistance Agency*,
5  968 F.3d 567, 574 (6th Cir. 2020), *with Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir.
6  2018), *and Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 469 (7th Cir. 2020), *and Glasser v.
7  Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306, 1310 (11th Cir. 2020). On July 9, 2020
8  the Supreme Court granted certiorari in *Facebook, Inc. v. Duguid* to address TCPA's definition of
9  an ATDS, and oral argument has been set for December 8, 2020. Dkt. No. 55 at 2.

10  Given the Supreme Court's grant of certiorari and forthcoming decision, the Court
11  exercises its discretion to stay Plaintiff's TCPA claim. *See Landis v. N. Am. Co.*, 299 U.S. 248,
12  254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to
13  control the disposition of the causes on its docket with economy of time and effort for itself, for
14  counsel, and for litigants."). In deciding whether to issue a stay, the Court considers three factors:
15  (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or
16  inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of
17  justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
18  which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
19  1962).

20  The Court finds in its discretion that both party and judicial resources will be most
21  efficiently used if the TCPA claim is stayed until the Supreme Court clarifies the scope of the
22  TCPA's definition of an ATDS. The parties correctly note that a decision in *Duguid* will likely
23  simplify the matter and inform the parameters of discovery. *See* Mot. 7; Opp. 1. And there
24  appears to be minimal risk of prejudice to either party, particularly in the light of Plaintiff's
25  consent. *See Pamintuan v. Bristol-Myers Squibb Co.*, No. 16-cv-00254-HSG, 2016 U.S. Dist.
26  LEXIS 91758, at *4 (N.D. Cal. July 14, 2016) (granting motion to stay after heavily weighing
27  plaintiff's consent). Finally, any risk of harm is further minimized because the stay will be limited

in duration. *See Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE, 2015 WL 4602968, at *2 (E.D. Cal. July 29, 2015) (noting minimal harm to plaintiff from staying case due to Supreme Court's customary practice to decide cases within twelve months).

Accordingly, the Court **GRANTS** Defendant's unopposed motion to stay the TCPA claim pending the *Duguid* decision. The Court directs the parties to submit a joint status report within 48 hours of the *Duguid* decision. The status report should simply attach the decision with no legal or factual argument or characterization.

**IT IS SO ORDERED.**

Dated: 10/29/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge