**KELLEY DRYE & WARREN LLP**
  Becca J. Wahlquist (State Bar No. 215948)
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone:  (310) 712-6100
Facsimile:   (310) 712-6199
bwahlquist @kelleydrye.com


**KELLEY DRYE & WARREN LLP**
  Lauri A. Mazzuchetti (*Pro Hac Vice*)
  Glenn T. Graham (*Pro Hac Vice*)
One Jefferson Road
Parsippany, NJ 07054
Telephone:  (973) 503-5917
Facsimile:   (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*


**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND**

| | |
|---|---|
| CURTIS SAUNDERS, individually and on behalf of classes of similarly situated individuals,<br><br>Plaintiff,<br>v.<br>SUNRUN, INC., a Delaware Corporation, Defendant. | Case No. 4:19-cv-4548-HSG<br><br>(Assigned to Hon. Haywood S. Gilliam, Jr.)<br><br>**DEFENDANT SUNRUN INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM IN SUPPORT**<br><br>Hearing Date:  Aug. 12, 2021<br>Hearing Time: 2:00 pm |

TO THE COURT, PLAINTIFF AND HIS COUNSEL:

PLEASE TAKE NOTICE that on August 12, 2021, or as soon thereafter as possible, before the Honorable Haywood S. Gilliam, Jr., United States District Court Judge, in Courtroom 2, located at 1301 Clay Street, Oakland, CA 94612, Defendant Sunrun Inc., will and hereby does move for an order dismissing Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

This Motion is made on the ground that Plaintiff is precluded from recovering under this action because his claim, which is asserted under California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 632.7, has been resolved and released by the Court-approved class action settlement and Judgment and Order Granting Final Approval of Class Action Settlement in *Loftus, et al. v. Sunrun, Inc., et al.*, Case No. 3:19-cv-01608 (N.D. Cal).  Indeed, Plaintiff's CIPA claim against Sunrun is barred by the doctrine of res judicata, which serves to protect defendants from having to defend the same claim in serial lawsuits.

Sunrun's Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declarations of Glenn T. Graham and Jay Geraci and the exhibits thereto, all pleadings and papers on file in this action, and upon such oral argument and other matters as may be presented to the Court at the time of hearing.

DATED: June 10, 2021                KELLEY DRYE & WARREN LLP

Lauri A. Mazzuchetti (*Pro Hac Vice)*
Glenn Graham (*Pro Hac Vice*)
Becca J. Wahlquist

By:  /s/ *Lauri A. Mazzuchetti*

Lauri A. Mazzuchetti
*Attorneys for Defendant Sunrun Inc.*

## STATEMENT OF THE ISSUES TO BE DECIDED

This Motion raises the following issue:

1. Whether Plaintiff's CIPA claim is barred by the doctrine of res judicata because it was released by the Judgment and Order Granting Final Approval of Class Action Settlement in *Loftus, et al. v. Sunrun Inc., et al.*, No. 3:19-cv-01608-RS (N.D. Cal), as to which Plaintiff is a class member.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................1

BACKGROUND ......................................................................................................1

      A.     SAUNDERS' ACTION AGAINST SUNRUN ....................................1

      B.     THE LOFTUS LITIGATION AND CLASS SETTLEMENT.............3

      C.     PLAINTIFF SAUNDERS, A MEMBER OF THE LOFTUS CLASS ACTION SETTLEMENT CLASS, RECEIVED NOTICE OF THE SETTLEMENT, AND DID NOT OBJECT, OPT-OUT, OR FILE A CLAIM. .........................................9

ARGUMENT ........................................................................................................11

I.     PLAINTIFF'S SUIT IS BARRED BY RES JUDICATA BECAUSE HIS CLAIM HAS BEEN RESOLVED BY THE CLASS ACTION SETTLEMENT AGREEMENT IN LOFTUS V. SUNRUN INC.................11

      A.     PLAINTIFF'S CIPA CLAIM WAS ASSERTED IN THE LOFTUS MATTER ..............................................................................13

      B.     THE CLASS ACTION SETTLEMENT IS A FINAL DECISION ON THE MERITS............................................................13

      C.     SAUNDERS IS A PARTY TO BOTH THIS ACTION AND THE LOFTUS ACTIONS ...................................................................13

      D.     RES JUDICATA REQUIRES DISMISSAL .....................................14

II.    PLAINTIFF IS IN VIOLATION OF THE FINAL APPROVAL ORDER.........................................................................................................15

CONCLUSION.......................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Wells Fargo Bank, N.A.*,
    No. 13-cv-05164, 2015 WL 1434599 (N.D. Cal. Mar. 30, 2015).......................14

*Amalfitano v. Google Inc.*,
    679 Fed. App'x 632 (9th Cir. Mar. 10, 2017) ..............................................12, 15

*Amalfitano v. Google Inc.*,
    No. 14-cv-00673, 2015 WL 456646 (N.D. Cal. Feb. 2, 2015) .................8, 9, 11

*Armstrong v. Young*,
    No. 2:12-CV-0123, 2014 WL 1877451 (E.D. Cal. May 9, 2014) ....................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................11

*Castillo v. Wells Fargo Bank, N.A.*,
    No. 2:13-cv-08931, 2014 WL 1631389 (C.D. Cal. Apr. 23, 2014) ..................14

*Clark v. California Dept. of Forestry and Fire Protection*,
    212 F. Supp. 3d 808 (N.D. Cal. 2016)..............................................................11

*Cole v. Asurion Corp.*,
    267 F.R.D. 322 (C.D. Cal. 2010)......................................................................12

*Cooper v. Fed. Reserve Bank of Richmond*,
    467 U.S. 867 (1984) ...................................................................................12, 13

*Durkin v. Shea & Gould*,
    92 F.3d 1510 (9th Cir. 1996)............................................................................14

*Facebook, Inc. v. Duguid*,
    No. 19-511 (U.S.) ..............................................................................................2

*In re Gilead Scis. Secs. Litig.*,
    536 F.3d 1049 (9th Cir. 2008)..........................................................................11

*Gupta v. Thai Airways Intern., Ltd.*,
    487 F.3d 759 (9th Cir. 2007).............................................................................11

*Harris v. County of Orange*,
    682 F.3d 1126 (9th Cir. 2012)............................................................................9

*Loftus, et al. v. Sunrun, Inc.*,
    No. 3:19-cv-01608-RS (N.D. Cal.), Dkt. No. 118 ........................................3, 10

*McCarthy v. United States*,
   850 F.2d 558 (9th Cir. 1988)....................................................................................9

*McClain v. Apodaca*,
   793 F.2d 1031 (9th Cir. 1986)................................................................................12

*Moreno v. Lane Bryant, Inc.*,
   No. CV 10-09329, 2011 WL 13217973 (C.D. Cal. Jan. 25, 2011)..............13, 14

*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001)..................................................................................12

*Perez v. Wachovia Mortg.*,
   No. C 12-03407, 2012 WL 12920635 (N.D. Cal. Nov. 29, 2012)....................14

*Rangel v. PLS Check Cashers of California, Inc.*,
   899 F.3d 1106 (9th Cir. 2018)................................................................................13

*Rein v. Providian Fin. Corp.*,
   270 F.3d 895 (9th Cir. 2001)..................................................................................13

*Ross v. Trex Co., Inc.*,
   No. C 09-00670, 2013 WL 791229 (N.D. Cal. Mar. 4, 2013) ....................13, 15

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004)..........................................................................10, 11

*Saunders v. Sunrun, Inc.*,
   No. 19-cv-04548, 2020 WL 4601636 (N.D. Cal. Aug. 11, 2020) ....................11

*Scott v. Kuhlmann*,
   746 F.2d 1377 (9th Cir. 1984)................................................................................11

*Smith v. LoanMe, Inc.*,
   No. S260391 (Cal.)....................................................................................................2

*Weisbusch v. Cnty. of Los Angeles*,
   119 F. 3d 778 (9th Cir. 1997)................................................................................11

**Statutes**

California Invasion of Privacy Act ................................................1, 2, 3, 4, 12, 14

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* .................2, 3, 4, 5, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ........................................................................9, 10, 11, 12

Fed. R. Civ. P. 12(b)(6) ............................................................................8, 9, 11, 12

Fed. R. Civ. P. 23..............................................................................................................3

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 4:19-CV-4548

18 Moore's Federal Practice, § 131.40[3][e][iii]
(Matthew Bender 3d ed.) ...................................................................................... 12

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 4:19-CV-4548

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Curtis Saunders' ("Plaintiff") First Amended Complaint ("FAC"), which alleges a single count against Sunrun Inc. ("Sunrun") under the California Invasion of Privacy Act ("CIPA"), should be dismissed for a basic reason: his claim is barred by the doctrine of res judicata. Plaintiff was a settlement class member in *Loftus v. Sunrun*, which resolved the very same claim that Plaintiff seeks to pursue here.

The undisputed record confirms that Plaintiff is a member of the *Loftus* settlement class. The *Loftus* settlement agreement released class members' CIPA claims. Plaintiff received repeat and direct notice of the settlement (both directly as per the court-approved notice plan and through his counsel). Despite that notice, Plaintiff did not opt-out or exclude himself from the *Loftus* settlement class on or before January 28, 2021. Thus, Plaintiff's CIPA claim was released as part of the *Loftus* settlement. It is black-letter law that res judicata bars class members from pursuing claims previously resolved by a class action settlement where the subsequent claim is the same claim that was previously released, there was a final judgment on the merits, and the plaintiff was a part of the class. However, that is exactly what Plaintiff purports to do here, even though as a member of the settlement class in *Loftus* he released his CIPA claim in a settlement that received final approval on May 11, 2021. Thus, and as discussed below, Plaintiff's CIPA claim should be dismissed.

## BACKGROUND

### A.   Saunders' Action Against Sunrun

Sunrun is a national retailer and servicer of residential solar power systems. (FAC ¶ 1.) Plaintiff is an individual residing in Nevada. (*Id.* ¶ 7.) On August 5, 2019, Plaintiff commenced this action against Sunrun by filing a two-count

1

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 4:19-CV-4548

complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and CIPA. (Dkt. No. 1 ¶¶ 48-60.) Following its decision on Sunrun's motion to dismiss the initial complaint, the Court stayed this action pending guidance from the California Supreme Court on Plaintiff's CIPA claim in *Smith v. LoanMe, Inc.*, No. S260391 (Cal.), and from the United States Supreme Court on Plaintiff's TCPA claim in *Facebook, Inc. v. Duguid,* No. 19-511 (U.S.). (Dkt. Nos. 45, 56, 58.)[1] After the *LoanMe* and *Facebook* decisions were issued, Plaintiff requested and was granted leave to file an amended complaint. (Dkt. No. 61.)

On April 22, 2021, Plaintiff filed the FAC. (Dkt. No. 62). In his one-count Amended Complaint, Plaintiff dropped his TCPA claim, but continues to pursue the CIPA claim. (FAC ¶¶ 30-36.) Plaintiff alleges in his Amended Complaint that "[a]s a regular part of its business, Defendant places outbound telephone calls to follow up on inquiries from current and potential customers[,]" but "fails to implement procedures to ensure that the customer is informed that the call is being recorded at the outset of the call." (FAC ¶¶ 16, 18.) Plaintiff further avers that "in October 2018, Defendant placed a call to Plaintiff's cell phone to follow up on his prior inquiry about Defendant's products and services[,]" that call was "automatically recorded" by Sunrun, but during the call, Sunrun's alleged "call agent failed to inform Plaintiff from the outset of the call that the call was being recorded and obtain his consent before proceeding with the call, in violation of CIPA." (FAC ¶¶ 19, 20, 21.) Based on this one call, Plaintiff seeks to represent himself and a putative class defined as "[a]ll persons in the United States and its Territories who, from September 1, 2018 to the present, received a phone call from

---

[1] The California Supreme Court's decision in *LoanMe* and the United States Supreme Court's decision in *Facebook* were both issued on the same day, April 1, 2021.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 4:19-CV-4548

Defendant on their cellular telephone in response to a prior inquiry that was recorded without their consent being obtained at the outset of the call."[2]  (FAC ¶ 22.)

Although Plaintiff attempts to pursue his CIPA claim, and to do so on behalf of a nationwide class, that CIPA claim was squarely released by the Judgement and Order Granting Final Approval of Class Action Settlement entered by Judge Seeborg in *Loftus, et al. v. Sunrun, Inc.*, No. 3:19-cv-01608-RS (N.D. Cal.), Dkt. No. 118, on May 11, 2021 (the "Final Approval Order"), attached as Exhibit A to the Declaration of Glenn T. Graham ("Graham Decl.").

### B.    The *Loftus* Litigation and Class Settlement

On March 27, 2019, the *Loftus* plaintiffs commenced an action in this District against Sunrun alleging that Sunrun violated the TCPA.  (Graham Decl., Ex. C.)  On June 26, 2019, the *Loftus* plaintiffs filed an amended complaint adding an additional plaintiff, an additional defendant, and adding a CIPA claim against Sunrun for allegedly recording cellular telephone calls without consent.  (Graham Decl., Ex. B ¶¶ 190-193.)

After hard-fought litigation and multiple rounds of mediation, Sunrun and the *Loftus* plaintiffs reached a nationwide class settlement of the *Loftus* plaintiffs' and the settlement class's TCPA <u>and</u> CIPA claims. (*See* Graham Decl., Ex. C.)  On August 27, 2020, in connection with their motion for preliminary approval, the *Loftus* plaintiffs submitted the Stipulation and Agreement of Settlement entered into by Sunrun and the *Loftus* plaintiffs (the "Class Action Settlement")[3].  (Graham

---

[2] Notwithstanding that Plaintiff's (and the putative class he seeks to represent) CIPA claim has been released by the *Loftus* Class Action Settlement, Plaintiff's proposed class cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

[3] Plaintiff's first complaint filed against Sunrun, filed in Illinois, alleged that Sunrun "places advertisement *en masse* to consumers' cellphones through automated text message calls."  (Dkt. No. 31-2 ¶ 19.)    Plaintiff's TCPA claim in his initial

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 4:19-CV-4548

Decl. Ex. D.)

The Class Action Settlement defines the Settlement Class as follows:

> "Settlement Class" means all persons in the United States **who, from September 1, 2018 to the date of preliminary approval, received from Sunrun**, and/or from or on behalf of Media Mix, RMC and/or Americor in an effort to generate a lead or customer for Sunrun: (a) **one or more calls (including text messages) on their cellphone placed via a dialing platform**; and/or (b) at least two telemarketing calls (including text messages) during any 12-month period where their phone numbers appeared on the NDNCR for at least 31 days before the calls/texts. The following are excluded from the Settlement Class: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun, as well as any parent, subsidiary, affiliate or control person of Sunrun, and the officers, directors, agents, servants or employees of Sunrun; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Sunrun has a record demonstrating "prior express written consent" as defined by the TCPA.

(Graham Decl., Ex. D ¶ 2.1.47 (emphasis added).) The Class Action Settlement

complaint in this Court focused on two text messages (not the outbound call placed to him). (*See* Dkt. No. 1 ¶¶ 34-38.) In that iteration of the Complaint, Plaintiff alleged the October 2018 outbound call to him was placed because he wanted "a quote about Defendant's solar products and services" and characterized himself as a "potential customer." (*Id.* ¶¶ 29, 28.) Further, in Plaintiff's opposition to Sunrun's motion to dismiss, Plaintiff emphasized that his CIPA claim focused on his allegation that in "October 2018 Defendant placed a call to Plaintiff's cell phone[.]" (Dkt. No. 38 at 5.) Thus, there is no question that Plaintiff is a member of the *Loftus* Settlement Class, which encompassed persons receiving such calls during such time frame.

4

further defines a "Settlement Class Member" as "a person who falls within the definition of the Settlement Class and who does not opt out of the Settlement as set forth in" the agreement's opt-out provision.  (Graham Decl., Ex. D ¶ 2.1.48.)

The Class Action Settlement includes the following release:

> The Releasing Parties [4] do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telephone calls or text messages, telemarketing, solicitation, or other marketing or dissemination that was made by, from, or on behalf of Sunrun, and/or made to generate a lead that could be offered to and/or sold by Sunrun. **This release includes, but is not limited to, claims** involving the actual or alleged use of an automatic telephone dialing system or an artificial or prerecorded voice, or otherwise arising under the TCPA or similar telephone or telemarketing-related federal, state or local laws, regulations or ordinances governing such matters, and any rule or regulation thereunder, **or otherwise arising under CIPA or similar federal or state laws governing such matters, and any rule or regulation thereunder, including without limitation, the claims alleged in the FAC or that could have been alleged in the FAC at any time up and through the date of Preliminary Approval.** This release specifically extends to calls to text messages allegedly or actually placed (or sent) to telephone numbers on the NDNCR, and to telephone calls and/or text messages allegedly or actually initiated by third parties.  The Parties agree that the Release in this

---

[4] "Releasing Parties" includes "Settlement Class Members who do not timely opt out of the Settlement Class[.]"  (Graham Decl., Ex. D ¶ 2.1.43.)

> Settlement Agreement shall not apply to telemarketing calls placed by third parties where such third parties were not acting on behalf of a Released Party, but instead were acting on behalf of a person or entity other than a Released Party.

(Graham Decl., Ex. D ¶ 8.1 (emphasis added).)

On September 25, 2020, Judge Seeborg entered an order granting preliminary approval of the Class Action Settlement Agreement (the "Preliminary Approval Order") and directed that notice be sent to class members beginning on October 30, 2020. (Graham Decl., Ex. E ¶ 19.) The Preliminary Approval Order further set January 28, 2021, as the deadline for class members to file claims, to opt out, or to object to the Class Action Settlement. (*Id.* ¶ 21.)

On May 11, 2021, Judge Seeborg entered the Judgment and Order Granting Final Approval of the Class Action Settlement. (Graham Decl., Ex. A.) Consistent with the Class Action Settlement, the Final Approval Order certified the following nationwide Settlement Class:

> "Settlement Class" means all persons in the United States who, from September 1, 2018 to the date of preliminary approval (September 25, 2020), received from Sunrun, and/or from or on behalf of Media Mix 365 LLC ("MM"), Resource Marketing Corporation ("RMC") and/or D&M Marketing, Inc. d/b/a Americor ("Americor") in an effort to generate a lead or customer for Sunrun: (a) one or more calls (including text messages) on their cellphones placed via a dialing platform; and/or (b) or at least two telemarketing calls (including text messages) during any 12-month period where their phone numbers appeared on the National Do Not Call Registry for at least 31 days before the calls/texts.

> The class definition excludes the following: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun, as well as any parent, subsidiary, affiliate or control person of Sunrun, and the

officers, directors, agents, servants or employees of Sunrun; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Sunrun has a record demonstrating "prior express written consent" as defined by the TCPA.

(Graham Decl., Ex. A ¶ 6.)

The Final Approval order expressly provides that:

"[t]he releases set forth in Section 8 of the [Class Action] Settlement Agreement are incorporated by reference and provides, *inter alia*, that for an in consideration of the Cash Benefits, the Released Claims, and the mutual promises contained in the [Class Action] Settlement Agreement:  The Releasing Parties do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorney's fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telephone calls or text messages, telemarketing, solicitation, or other marketing or dissemination that was made by, from or on behalf of Sunrun, and/or made to generate a lead that could be offered to and/or sold by Sunrun. **This release includes, but is not limited to, claims** involving the actual or alleged use of an automatic telephone dialing system or an artificial or prerecorded voice, or otherwise arising under the TCPA or similar telephone or telemarketing-related federal, state or local laws, regulations or ordinances governing such matters, and any rule or regulation thereunder, **or otherwise arising under CIPA** or similar federal or state laws governing such matters, and any rule or regulation thereunder, **including without limitation,**

7

**the claims alleged in the FAC or that could have been alleged in the FAC** at any time up and through the date of Preliminary Approval.  This release specifically extends to calls/texts allegedly or actually placed to telephone numbers on the National Do Not Call Registry (NDNCR), and to telephone calls and/or text messages allegedly or actually initiated by third parties.  The Parties agree that the Release in this Settlement Agreement shall not apply to telemarketing calls placed by third parties where such this parties were not acting on behalf of a Released Party, but instead were acting on behalf of a person or entity other than a Released Party.

(Graham Decl., Ex. A ¶ 15 (emphasis added).)

Moreover, the Final Approval Order provides that the "terms of the [Class Action] Settlement Agreement and this Final Approval Order and Judgment are **binding on the Representative Plaintiffs and all other Settlement Class Members**, as well as their heirs, executors and administrators, successors and assigns" and the "terms of the [Class Action] Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest or expenses… which were asserted in the Action." (*Id.* ¶¶ 11, 12 (emphasis added).)

Further, the Final Approval Order's enjoins class members such as Plaintiff from pursuing their own actions—as Plaintiff attempts to do here.  Specifically, the Final Approval Order provides that "[n]o Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant or any or all Released Parties in any court or tribunal asserting any of the Released Claims

defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding." (Graham Decl. Ex. A ¶ 24.)[5]

### C.   Plaintiff Saunders, a Member of the Loftus Class Action Settlement Class, Received Notice of the Settlement, and Did Not Object, Opt-Out, or File a Claim.

Plaintiff is a member of the *Loftus* settlement class. KCC Class Action Services, LLC ("KCC") was appointed by Judge Seeborg to serve as Settlement Administrator of the Class Action Settlement Agreement. KCC's records confirm that Plaintiff is a member of the *Loftus* Settlement Class. (Declaration of Jay Geraci[6] ("Geraci Decl.") ¶¶ 2, 4.)

Pursuant to the Preliminary Approval Order, on October 30, 2020, KCC sent notice of the Class Action Settlement to Plaintiff. (*Id.* ¶ 4.). The notice mailed to

---

[5] "Although a Rule 12(b)(6) motion is to be decided on the face of the complaint, a court may consider 'items subject to judicial notice, matters of public record, [and] orders.'" *Amalfitano v. Google Inc.,* No. 14-cv-00673, 2015 WL 456646, at *2 (N.D. Cal. Feb. 2, 2015) (quoting 5B Wright & Miller Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004)). Here, the Court may consider the filings in the *Loftus* matter, including the Class Action Settlement Agreement and Final Approval Order, which are matters of public record and subject to judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citation omitted) (the Court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.").

[6] Sunrun provides the Geraci Declaration in support of its motion to dismiss pursuant to Rule 12(b)(1). These facts are not in dispute and the Court can and should consider them in deciding this Motion to Dismiss. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). Moreover, the Court can and should consider Exhibit A to the Geraci Declaration in support of Sunrun's motion to dismiss pursuant to Rule 12(b)(6) because it is a matter of public record subject to judicial notice. *See Amalfitano*, 2015 WL 456646, at *2.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 4:19-CV-4548

Plaintiff was not returned to KCC as undeliverable. (*Id.*). Moreover, KCC confirmed that Plaintiff did not exclude himself or object to the *Loftus* Class Action Settlement. (*Id.* ¶ 5.) As set forth above, the deadline for Plaintiff to do so expired on January 28, 2021. (Graham Decl., Ex. E ¶ 21.) Class members that filed claims are expected to receive in excess of $100. (Geraci Decl., Ex. A ¶ 17) (estimated recovery for class members who filed claims is between $104.99 and $209.98.)

Moreover, in addition to the direct notice of the Class Action Settlement Agreement sent to Plaintiff by KCC, Plaintiff's counsel was also on notice of the *Loftus* Class Action Settlement through both this litigation and his receipt of the filings in *Loftus* through the Court's ECF system. Indeed, since approximately January 7, 2020—well before the filing of the Preliminary Approval Order—Plaintiff's counsel has been on the *Loftus* docket and has received ECF notices of filings in the *Loftus* matter. (Graham Decl., Ex. C.) In addition, Sunrun's counsel repeatedly informed Plaintiff's counsel (and this Court) that Plaintiff and his putative class members would be members of the *Loftus* Settlement Class, including in a case management submission on August 20, 2020. (Dkt. No. 46 at 5 ("Finally, and as Sunrun has advised Plaintiff's counsel, preliminary approval of a class settlement will soon be sought in *Loftus v. Sunrun, Inc.*, No. 3:19-cv-01608-RS (N.D. Cal.), which settlement will subsume (and therefore dispose of) the class claims Plaintiff intends to pursue in this case."). *See also id.* at 10 ("The parties in the *Loftus* action are finalizing the terms of the settlement agreement and it is premature to comment on such terms until a Motion for Preliminary Approval is filed. At that point, Plaintiff's counsel would presumably review the *Loftus* settlement to determine whether Plaintiff will desire to participate or opt out.").

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 4:19-CV-4548

**ARGUMENT**

**I.    PLAINTIFF'S SUIT IS BARRED BY RES JUDICATA BECAUSE HIS CLAIM HAS BEEN RESOLVED BY THE CLASS ACTION SETTLEMENT AGREEMENT IN *LOFTUS V. SUNRUN INC.***

Sunrun brings this Motion to Dismiss pursuant to both Rule 12(b)(1)[7] and Rule 12(b)(6)[8] of the Federal Rules of Civil Procedure. A motion to dismiss based on res judicata grounds may be made pursuant to Federal Rule of Civil Procedure 12(b)(1). *Gupta v. Thai Airways Intern., Ltd*., 487 F.3d 759, 763 (9th Cir. 2007). Some courts, however, analyze motions to dismiss based on res judicata pursuant to

---

[7] A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment . . . and without presum[ing] the truthfulness of the plaintiff's allegations". *Saunders v. Sunrun, Inc.*, No. 19-cv-04548, 2020 WL 4601636, at *3 (N.D. Cal. Aug. 11, 2020) (citations and internal quotations omitted).

[8] Rule 12(b)(6) requires dismissal where a complaint fails to allege sufficient facts "to state a claim to relief that is plausible on its face" and presents nothing more than "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim is facially plausible when a plaintiff pleads 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. California Dept. of Forestry and Fire Protection*, 212 F. Supp. 3d 808, 811 (N.D. Cal. 2016) (quoting *Ashcroft*, 556 U.S. at 678). "[C]ourts do not 'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Id.* (quoting *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). "And even where facts are accepted as true, 'a plaintiff may plead [him]self out of court' if he 'plead[s] facts which establish that he cannot prevail on his . . . claim.'" *Id.* (quoting *Weisbusch v. Cnty. of Los Angeles*, 119 F. 3d 778, 783 n.1 (9th Cir. 1997)).

Federal Rule of Civil Procedure 12(b)(6)[9]. *See Amalfitano v. Google Inc.*, No. 14-cv-00673, 2015 WL 456646, at \*2 (N.D. Cal. Feb. 2, 2015), *aff'd* 679 Fed. App'x 632 (9th Cir. 2017) (Mem) (affirming dismissal under res judicata principles pursuant to Rule 12(b)(6)). In addition, "courts may sua sponte dismiss an action on res judicata grounds to avoid 'unnecessary judicial waste.'" *Armstrong v. Young*, No. 2:12-CV-0123, 2014 WL 1877451, at \*2 (E.D. Cal. May 9, 2014); *see also McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). Plaintiff's Complaint fails under each and all of these standards. In light of the Class Action Settlement Agreement and Final Approval Order, and for the reasons that follow, Plaintiff's CIPA claim should be dismissed pursuant to Rule 12(b)(1), Rule 12(b)(6), or consistent with the *sua sponte* powers of the Court.

"The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits." *Amalfitano v. Google Inc.*, 679 Fed. App'x 632, 632 (9th Cir. Mar. 10, 2017) (Mem) (quoting *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986)). The doctrine of "[r]es judicata applies to bar subsequent litigation 'whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Cole v. Asurion Corp.*, 267 F.R.D. 322, 331 (C.D. Cal. 2010) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). The Supreme Court has long made clear that under this doctrine, there is "no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984); *see* 18

---

[9] Courts that consider res judicata motions to dismiss pursuant to Rule 12(b)(6) have acknowledged that "res judicata may be raised by motion to dismiss if there are no facts in dispute. *Amalfitano*, 2015 WL 456646, at \*2; *see also Scott v. Kuhlmann*, 746 F.2d 1377, 1378, (9th Cir. 1984) (affirming dismissal based on res judicata raised in Rule 12(b)(6) motion because there was no "disputed issues of fact").

Moore's Federal Practice, § 131.40[3][e][iii] (Matthew Bender 3d ed.) ("All class members will be bound, under both issue preclusion and claim preclusion, by a final judgment in a class action, including a judgment following settlement, assuming the action met the necessary procedural due process prerequisites.")

Here, all three res judicata elements are present. Plaintiff's CIPA claim, therefore, is barred and should be dismissed.

### A.    Plaintiff's CIPA Claim Was Asserted in the *Loftus* Matter

The first res judicata element—whether there is an identity of claims— is satisfied because Plaintiff asserts the same CIPA claim in this action that was asserted and released in the *Loftus* matter. (*Compare* FAC ¶¶ 30-36 *with* Graham Decl., Ex. B ¶¶ 190-193.)

### B.    The Class Action Settlement is a Final Decision on the Merits

The Final Approval Order issued by Judge Seeborg constitutes a final judgment on the merits that binds all class members who did not opt out to the terms of the Class Action Settlement Agreement. *See Cooper*, 467 U.S. at 874 ("[A] judgment in a properly entertained class action is binding on class members in any subsequent litigation"); *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 903 (9th Cir. 2001) ("A judicially approved settlement agreement is considered a final judgment on the merits"); *Moreno v. Lane Bryant, Inc.*, No. CV 10-09329, 2011 WL 13217973, at *4 (C.D. Cal. Jan. 25, 2011). Because Judge Seeborg entered the Final Approval Order, the second res judicata prong is also satisfied.

### C.    Saunders is a Party to Both this Action and the *Loftus* Actions

Finally, as Plaintiff was alerted he would be (*see* Dkt. No. 46), Plaintiff was a member of the *Loftus* Settlement Class and therefore a party to the *Loftus* Class Action Settlement Agreement. (Geraci Decl. ¶¶ 2-4.) He was sent notice of the Class Action Settlement and given ample time to object or opt out (*See id*. ¶¶ 4-5), and did not do so. A class member who does not opt out of a class action lawsuit is

bound to the settlement that follows. *Rangel v. PLS Check Cashers of California, Inc.,* 899 F.3d 1106, 1111 (9th Cir. 2018); *see Ross v. Trex Co.*, *Inc.,* No. C 09-00670, 2013 WL 791229, at *1 (N.D. Cal. Mar. 4, 2013) ( "judgment in a properly entertained class action is binding on class members in any subsequent litigation… the 'central purpose of each of the various forms of class action is to establish a judgment that will bind not only the representative parties but also all nonparticipating members of the class certified by the court.'"). Accordingly, where, like here, a Plaintiff is a member of the class in the prior class action settlement, the Plaintiff is subsequently bound by that agreement. *Moreno*, 2011 WL 13217973, at *6.

### D.    Res Judicata Requires Dismissal

"A court-approved class action settlement bars new claims by members of the class that were released as part of that settlement." *Adams v. Wells Fargo Bank, N.A.*, No. 13-cv-05164, 2015 WL 1434599, at *2 (N.D. Cal. Mar. 30, 2015). "Otherwise, 'restricting the *res judicata* effect of class action settlements would lessen a defendant's incentive to settle.'" *Id.* (quoting *Durkin v. Shea & Gould*, 92 F.3d 1510, 1518 n.18 (9th Cir. 1996) (citation omitted). Thus, "[a] court-approved settlement in a prior suit precludes subsequent litigation on the same claim[10]." *Castillo v. Wells Fargo Bank, N.A.*, No. 2:13-cv-08931, 2014 WL 1631389, at *4 (C.D. Cal. Apr. 23, 2014).

*Castillo* is directly on point. There, as here, the "Plaintiffs' claims [we]re

---

[10] "California law defines 'cause of action' under the 'primary right' theory." *Moreno v. Lane Bryant, Inc.*, No. CV 10-09329, 2011 WL 13217973, at *4 (C.D. Cal. Jan. 25, 2011) (quoting *Villacres*, 117 Cal. Rptr. 3d at 409). Under the primary right theory, claims are barred by the doctrine of res judicata if the two actions involve the same injury to the plaintiff and the same alleged wrong by the defendant, even if the plaintiff pleads different theories of recovery or seeks different forms of relief in the second action. *Id.* Here, Plaintiff's CIPA claim is the same exact claim released by the *Loftus* Class Action Settlement Agreement.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 4:19-CV-4548

identical to those raised and settled" in another class action. *Id.* at \*3. The court held that "[b]ecause Plaintiffs did not opt out of the class action suit, they are precluded from subsequent litigation on the same claims." *Id.* at \*4. CIPA claims were raised and settled in the *Loftus* action and Plaintiff (a Settlement Class Member) did not opt out of the *Loftus* Class Action Settlement. Accordingly, his CIPA claim is released. *See also Perez v. Wachovia Mortg.*, No. C 12-03407, 2012 WL 12920635, at \*1 (N.D. Cal. Nov. 29, 2012) (granting motion to dismiss on res judicata grounds because "the class action settlement is *res judicata* to [plaintiff's] present individual suit, which makes the same legal claims, arising out of the same factual circumstances, against the same parties," as the settled class action matter).

Just as in *Amalfitano*, Plaintiff "was a member of the [*Loftus*] Class Action settlement class, and his name is not on the list of class members who the [*Loftus*] Class Action court determined had timely opted out. Res Judicata, therefore, applies" and Plaintiff's Complaint should be dismissed. *Amalfitano*, 679 Fed. App'x at 632.

## II.    <u>PLAINTIFF IS IN VIOLATION OF THE FINAL APPROVAL ORDER</u>

Plaintiff's Amended Complaint should also be dismissed because his continued prosecution of this action violates the Final Approval Order. (*See* Graham Decl., Ex. A ¶ 24 ("No Settlement Class Member, either directly, representatively, . . . shall commence, continue, or prosecute any action or proceeding against Defendant or any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.")). Because Plaintiff's continued prosecution of this action violates the Final Approval Order, his Amended Complaint should be dismissed and/or Plaintiff should be enjoined from proceeding. *See Ross*, 2013 WL 791229, at \*2 (enjoining state-court actions filed by plaintiff that were subject to prior class action settlement agreement).

## CONCLUSION

For the foregoing reasons, Sunrun respectfully requests that this Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

Respectfully submitted,

DATED:  June 10, 2021                    KELLEY DRYE & WARREN LLP

Lauri A. Mazzuchetti (*Pro Hac Vice*)
Glenn Graham (*Pro Hac Vice*)
Becca J. Wahlquist

By:   /s/ *Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti
*Attorneys for Defendant Sunrun Inc.*

16